UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-20758-CR-ALTONAGA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CHARLES McARTHUR EMMANUEL,

     Defendant.

_____/

## DEFENDANT'S APPEAL FROM PRETRIAL DETENTION ORDER AND MOTION FOR DISCLOSURE OF IDENTITY OF VICTIM

The Defendant CHARLES McARTHUR EMMANUEL through counsel respectfully appeals from the magistrate's pretrial detention order and moves for disclosure of the identity and in court production of the victim and says:

Mr. Emmanuel is being held in maximum security confinement at FDC Miami on the uncorroborated statement of one and only one unidentified witness who claims that Mr. Emmanuel tortured him more than four years ago in Liberia on July 24, 2002. This is a violation of Mr. Emmanuel's constitutional rights to confront his accuser, to due process of law, and a reasonable bail. The court should order the government to immediately disclose the name of the one and only witness and to produce the witness for cross examination in open court so that Mr. Emmanuel can have a true

opportunity to challenge the government's accusations and obtain a reasonable bond.

On March 30, 2006 Mr. Emmanuel arrived at Miami International Airport on a flight from Trinidad. While in Trinidad he had applied for a U.S. passport in his own name but had falsely stated in the application that his father was Daniel Smith and not Charles Taylor, the former president of Liberia. He pleaded guilty to the passport fraud charges and was awaiting sentencing scheduled for December 7, 2006. One day before his sentencing he was charged in a three-count indictment with conspiring to commit torture, actually committing torture, and using and/or carrying a gun during the commission of a crime of violence in Liberia on July 24, 2002. On December 7, 2006 he was sentenced to eleven months incarceration by Judge Graham on the false statement charge. After his sentencing Mr. Emmanuel was taken out of the general population and placed into SHU, the solitary confinement housing unit at FDC where he remains despite requests that he be released back into the general population.

On December 7, 2006 he appeared before the magistrate for initial appearance at which time the government asked the magistrate to hold Mr. Emmanuel without bond on the grounds that he was a flight risk and a danger to the community. Magistrate Judge Turnoff held a hearing on December 15, 2006. At the hearing, the government proffered evidence to the court about the defendant and the allegations

in the indictment. At the hearing an FBI agent testified that according to his investigation the only witness to the crime was the victim himself. It was clear that the government's allegation that the defendant committed torture depended solely on the credibility of one witness and one witness only--the unidentified victim. The defense asked the magistrate to order the government to disclose the name of the witness. The government objected and the court refused to order disclosure

This is a violation of a defendant's most basic rights to defend himself, to secure bond, and to confront his accuser. Mr. Emmanuel is being held in solitary, maximum security confinement accused by a witness whom the government refuses to identify under a never before used statute with having committed a crime four years ago in a foreign country that the U.S. State Department warns Americans to stay away from.

The identity of the victim is relevant and necessary right now to the issue of detention as every day that passes is one more day in jail and away from the evidence that may secure his freedom. The defense asks the court to immediately order the government to disclose the name of the victim so that we may begin to investigate the credibility and motive of the witness and effectively make a case for a bond. The court should also direct the government to produce the victim in court to be cross examined as to his allegations and veracity. Once we know the allegations in detail

can we begin to investigate whether they are true. There is no reason at all to delay full and complete disclosure of the victim's identity nor any reason not to produce him for questioning.

Should the defense uncover that the victim is a notorious liar, or that he was out of the country on the date of the offense, or that his wounds were inflicted by someone else at an earlier time, or that he is mentally incompetent or that he has been promised residency in the U.S. in exchange for his testimony, or that the details of his story makes no sense we could immediately bring it to the attention of the court. No one would doubt that all of this and more that might be uncovered would be immediately relevant to the issue of pretrial detention.

For various reasons the court should order the government to disclose the identity of the victim immediately and to produce him for questioning. First, the crime occurred more than four years ago. It will be very difficult enough as it is to investigate such an old case. Even if the acts had occurred in Miami the task would be daunting. Second, the crime occurred in a foreign country that is unsafe for Americans making it even more difficult to conduct a proper investigation. Third, the victim is the one and only witness against the defendant.  Fourth, the government has made no showing that the victim's identity must be protected. The victim is in the U.S. and under protection. His family is probably also under the same umbrella. Mr.

4

Emmanuel has been out of Liberia since 2003 and has been in custody since March 2006. His phone calls have all been all monitored and tape recorded. He is not in a position to harm anyone. Importantly, there is not one shred of evidence that he is even so inclined. Fifth, the government will presumably have to disclose the name of the victim in discovery. It should do so now.

Under the Bail Reform Act 18 U.S.C. 3142(f) a defendant has a right to present witnesses and to proffer evidence at his pretrial detention hearing. This right is meaningless in this particular case unless the defendant is allowed to attack the credibility of the one and only witness against him. Without the victim's identity, the defense is powerless to use the rights granted by the detention statue.

In *U.S. v Baldinger,* 1985 WL 2043 (M.D. Tenn. 1985) the District Court in Tennessee affirmed the magistrate judge's decision to order the government to disclose the name of the confidential informant to the defense so that the defense could investigate the witness in preparation for a detention hearing. When the government refused to disclose the name, the magistrate refused to consider the portion of the testimony by a government agent that was based on information given to him by the confidential source.

The district court examined the legislative history of the Bail Reform Act as well as the text of the statute and found that in that case a defendant's right to present

5

evidence at a detention hearing would be meaningless unless the government

disclosed the identity of the informant. The court stated that:

> The controversy in this case arose when the Government, as a matter of enforcement
> policy, elected to support its detention motion solely upon the testimony of its
> investigating officer. To allow the government investigator to relate facts purportedly
> justifying detention, without permitting the defendant to inquire as to the names of
> the persons providing the substantive facts underlying the investigator's testimony,
> effectively denies the defendant his statutory right of cross-examination. The high
> standard of proof in the statute and the legislative history's express requirement for
> evidentiary facts to support a detention order, in this Magistrate's view, require wider
> latitude on cross-examination of the government's witness. Such cross-examination
> at this stage of the proceeding must be limited, however, only to the witness(es) upon
> whose testimony the government relies for its detention motion, namely the identity
> of the witness(es) and the substance of the witness' knowledge on the detention issue.
> Without this limited cross-examination, the defendant may not know how to prepare
> for the hearing or which defense witnesses to call on his behalf. Bias of a witness, as
> alleged in this case, could not be elicited. Prior inconsistent statements or past
> unreliability of such witnesses may not be presented to the judicial officer. The non-
> disclosure of such evidence, without good cause, will impair substantially the
> reliability of the Magistrate's fact finding responsibilities under the 18 U.S.C. §
> 3142(f) for detention orders.

This is precisely the problem we face. The denial of confrontation and due

process rights is even more acute here where there is only one witness against the

defendant and the government has no corroboration that it was Mr. Emmanuel and

not someone else who tortured the victim. The issue is not whether the government

can proceed by proffer at a detention hearing or whether the defense can call adverse

witness in order to get a preview of the government's case. *U.S. v Gaviria*, 828 F.2d

667 (11th Cir. 1987) (government may proceed by proffer). The issue is far more

basic. Does a defendant have a right to know the name of and confront his one and

only accuser in order to meet the allegations in the indictment and prepare for a meaningful detention hearing?

In analogous situations where the government seeks to protect confidential informants, the Constitution requires the court to order the government to disclose the identity of an informant if the informant was a witness to the events and the defendant can demonstrate a need for his testimony. *Roviaro v U.S.*, 353 U.S. 53 (1957). In *Roviaro*, the Supreme Court recognized that the privilege of non disclosure actually belongs to the government which has an interest in protecting informants so that more citizens will be inclined to give information on the condition of anonymity.

In this case, the witness is not an informant in the sense of a tipster who might be useful in the future. Here, the witness is not an informant who has an ongoing relationship with the government who may need to be protected so that he can continue to be of use. This witness is a private individual who is in the United States under its protection. There is absolutely no need to hide the identity of this person except to hamper the defendant's ability to defend himself and secure his freedom Here, the person is the victim of the crime and the only witness to the crime. But even if the privilege of non disclosure were to apply it would easily give way. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to a fair

determination of a cause the privilege must give way." *Id* at 628

The defense cannot even begin to proffer what it expects to find out about the witness. How can we? We don't even we know who he is. But, we would certainly investigate him and try to discover the innumerable facts that make a person less credible and that might make his story less likely than it seems.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

BY:  ____s/Miguel Caridad_____
Miguel Caridad
Assistant Federal Public Defender
Florida Bar No.  384021
150 West Flagler Street, Suite 1700
Miami, FL 33130
(305) 530-7000
(305) 536-4559 - Fax
miguel_caridad@fd.org, E-mail

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

  s/Miguel Caridad_____
Miguel Caridad

8

9