UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-20758-CR-ALTONAGA/Turnoff

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**ROY M. BELFAST, Jr.,**
a/k/a  **"Chuckie Taylor,"**
    **"Charles Taylor, Jr.,"**
    **"Charles Taylor II,"**
    **"Charles McArther Emmanuel,"**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the undersigned on Defendant's Motion to Dismiss Indictment Due to Factual Insufficiency **[DE 21]**. Oral argument was held before the undersigned on February 5, 2007.

The law in this area is well-settled. Generally, courts will not sustain a defendant's challenge to a facially valid indictment on grounds of insufficient evidence. Costello v. US, 350 U.S. 359, 363-64 (1956), reh'g denied, 351 U.S. 904, 76 S.Ct. 692, 100 L.Ed. 1440 (1956). Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment need only contain those facts and elements of the alleged offense necessary to inform the accused of the charge so that he or she may prepare a defense and invoke the double jeopardy clause if appropriate. See,

e.g., <u>US v. Odom</u>, 252 F.3d 1289, 1298 (11th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1058, 122 S.Ct. 1920, 152 L.Ed.2d 828 (2002).

In determining whether an indictment sufficiently informs the defendant of the offense charged, courts give the indictment a common-sense construction and generally will uphold an indictment even if it contains a technical error or omission. Although an indictment that tracks the statutory language defining an offense is usually sufficient, mere recitation of statutory language is acceptable only if all elements of the charged crime are subsumed in the language. See, e.g., <u>US v. Fern</u>, 155 F.3d 1318, 1324-25 (11th Cir. 1998).

Applying the aforementioned authorities, a careful and thorough review of the within indictment reveals that the government has met its burden with respect to the sufficiency of the indictment. In fact, Defendant herein does not seriously dispute the sufficiency of the within indictment. Rather, Defendant is seeking to use this motion as a vehicle to ascertain the identity of the alleged victim, who is not named in the indictment. However, Defendant has not cited, nor has the undersigned found, any persuasive or controlling authority which mandates victim identification in the within indictment.

The issue of the pre-trial identification of the victim must await another day, and, if necessary, another motion by Defendant. Unless the government voluntarily chooses to disclose the identity of the victim herein, Defendant will of necessity have to seek the intervention of the Court via an appropriate motion for bill of particulars or similar motion. At that time, the question of victim identification disclosure will be made ripe for resolution

Case No.: 06-20758-CR-ALTONAGA/Turnoff

on the applicable law and facts.[1]

Accordingly, based on the foregoing, the undersigned recommends that the within Motion to Dismiss Indictment Due to Factual Insufficiency **[DE 2]** be **DENIED**.

Pursuant to S.D. Fla. Magistrate Judge Rule 4(b), the parties may serve and file written objections with the Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of Florida, within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein.  RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993), reh'g denied, 7 F.3d 242 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 12th day of February 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　　　　**WILLIAM C. TURNOFF**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

cc:　　Hon. Cecilia M. Altonaga
　　　　Counsel of Record

---

[1] Although the issue of victim identification is not otherwise before the Court, the undersigned would note that such pretrial identification is not automatic.  It is settled law that a defendant in a non-capital case has no constitutional right to discover the identity of prospective government witnesses.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977).  However, the undersigned expresses no opinion or conclusion, at this time and within the context of the instant motion, regarding this important issue. As indicated supra, Defendant in this motion has chosen the wrong forum regarding the resolution of this issue.