UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20758-CR-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,
v.

CHARLES McARTHUR EMMANUEL,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR DISCLOSURE OF
LAY OPINION TESTIMONY AND TO EXCLUDE
BACKGROUND HEARSAY TESTIMONY**

    The Defendant CHARLES McARTHUR EMMANUEL, through counsel, respectfully moves for an order requiring the government to disclose lay opinion testimony pursuant to Federal Rule of Evidence 701 and to exclude background hearsay evidence and says:

    The indictment in this case relates much information about Liberia concerning its politics, government, police, security apparatus, and location of residences during the government of Charles Taylor in 2002 and 2003. The defense expects the government will try to offer evidence to prove these allegations as well as other evidence concerning rebel groups, their composition and their activities during the same time frame and the defendant's scope of authority over the A.T.U., the anti

terrorist unit of the Liberian government.

The defense does not know which witnesses will offer this testimony or whether they will be qualified to do so. The government has not disclosed to the defense that it intends to offer expert testimony about these maters. The defense strongly suspects that, as it has does in other cases, the government will begin its presentation of evidence by eliciting testimony on these issue as general "background" evidence which usually consists of inadmissable hearsay or possibly as lay opinion under FRE 701. The defendant requests advance notice of the government's intention to offer lay opinion evidence and objects to any general background evidence as inadmissible hearsay.

## Federal Rule of Evidence 701

Federal Rule of Evidence 701 governs the admissibility of opinions that are not expert opinions under rule 702.  Rule 701 reads as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 702 and Rule 16 do require such notice if party seeks to introduce expert testimony. A party must give advance notice of its intention to offer expert testimony

so that the opposing side may have an opportunity to (1) challenge whether the testimony is expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579(1993) and (2) to obtain its own expert opinion on the issue in time to present a rebuttal to the other party's expert. Neither Rule 701 nor Fed. R. Crim. P. 16 require that a party seeking to offer lay opinion testimony provide notice to the other party in advance of trial.

However, the same prejudice can result to a party if he is not placed on notice as to another party's intention to offer lay opinion pursuant to Rule 701. Is the offered testimony actually lay opinion or is it expert opinion masquerading as lay opinion in order to evade the stricter legal requirements imposed on expert testimony and the opportunity for the opposing party to obtain lay opinion on the same issue? In this case the court should require notice of intent to offer lay opinion testimony and remedy the potential for prejudice.

The court can modify discovery pursuant to Fed. R. Crim. P 16, as the government has sought to do when it asked this court for a protective order concerning the victim's identity. The modification we seek would require the government and the defense to disclose the substance of testimony that can arguably be considered lay opinion pursuant to FRE 701. This would protect both sides and allow timely and effective challenges to the admissibility of this evidence and an

opportunity for both sides to seek its own expert or lay opinion on the issues in the case.

The allegations and the proof that will be required in are complex. Evidence on such issues as history, politics, ethnicity, tribalism, geography, government administration, color of law and even the location of residences and detention facilities in Liberia may be presented. The court should not allow such evidence to be disclosed for the first time at trial as lay opinion. Early disclosure will not cause any hardship to either side and will guarantee fairness. The events in this case occurred along time ago in country far far away. The parties must have notice of the other party's intention to prove any fact through lay opinion. It will be too late to rebut such testimony if we have to hear this testimony for the first time at trial.

The most likely candidate for proof of this kind will be evidence that the government will and must present on the issue of whether the defendant was acting under the color of law. This is an element of the offense. Whatever it means under the law, it is the government's burden to prove it. How will they do this? Through what witness and with what testimony? It will not be expert testimony because the government has not provided the required notice. Yet, this is the type of evidence that should be sprung on the defense at the time of trial. This testimony will concern the degree of state authority with which the defendant acted. Will it be someone's

opinion? If it will be someone's opinion under FRE 701 it must be disclosed so that we can be prepared to meet, challenge and contradict it. The government should likewise not be surprised by any lay opinion we intend to present in rebuttal.

## Background Hearsay

It may be that the government will forego any pretense to proceeding by opinion of any kind and attempt to offer evidence on these issues via a commonly used but frowned-upon route of general "background" testimony. Such background testimony in this case may take the form of a government witness seeking to testify about the "Introductory Allegations" in paragraphs one through four in the indictment and the "General Allegations" in paragraphs one through thirteen of the indictment in order to establish them as facts for the jury without any a foundation that the witness has any firsthand, non hearsay knowledge about any of them.

The defense also anticipates testimony by the victim about these same issues and possibly about the defendants's position and authority within the Liberian government as well as his reputation in the Liberian community. Such testimony would solely be the victim's opinion based upon information circulated throughout Liberia about the defendant. Such testimony would be improper and highly prejudicial. It would violate the proscriptions in Federal Rules of Evidence against the admission of hearsay and unfairly prejudicial evidence as well as the defendant's

Constitutional right to confront the evidence offered against him. *Crawford v. Washington*, 451 U.S. 36 (2004)

The defense raises these issues now because of the nature of this case. Generally, federal trials proceed on the basis that each party should know very little about what the other is going to do. That procedure is unfair enough as it is, but in this case will deprive the defendant of a fair opportunity to defend himself. Any rebuttal to any part of the government's evidence in this case will be impossible if the defense hears the testimony for the first time at trial. The logistics involved in reconstruction events that occurred long ago in order to confront evidence **of which we are aware** is proving to be difficult enough. We will be unable to confront any evidence that we hear for the first time at trial and we do not want to be in the position of being reprimanded for not raising important issues that can be heard now and not in the middle of the trial.

Assistant United States Attorney Karen Rochlin opposes this motion.

## CONCLUSION

Upon the foregoing, the defendant moves for an order directing both sides to disclose the substance of lay opinion it intends to offer at trial and to exclude background hearsay testimony.

        Respectfully submitted,

        KATHLEEN M. WILLIAMS
        FEDERAL PUBLIC DEFENDER

BY:    s/Miguel Caridad
        Miguel Caridad
        Assistant Federal Public Defender
        Florida Bar No. 384021
        150 West Flagler Street, Suite 1700
        Miami, FL 33130
        (305) 530-7000
        (305) 536-4559 - Fax
        miguel_caridad@fd.org, E-mail

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

        s/Miguel Caridad
        Miguel Caridad