UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20758-CR-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES McARTHUR EMMANUEL,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR PRODUCTION OF REPORTS
PREPARED BY INTERNATIONAL RED CROSS, HUMAN RIGHTS
WATCH AND THE UNITED NATIONS OFFICE FOR REFUGEES**

    The Defendant CHARLES McARTHUR EMMANUEL, through counsel, respectfully moves pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure for an order directing the government to produce the documents specified below and says:

    Mr. Emmanuel is charged with having conspired to commit torture in Liberia on July 24, 2002, with persons known and unknown to the grand jury and with the substantive act of torture under color of state law on the same date. He is also charged with carrying and using a firearm during these crimes.

    The government's case rests on the testimony of one witness–the victim to the torture. The victim left Liberia in 2003 and sought refuge in Guinea where he sought

and obtained United Nations refugee status. Before he left Liberia he was interviewed numerous times by the International Red Cross. It is clear from documents provided by the government in discovery that both the Red Cross and the United Nations Office for Refugees interviewed the victim about his request for refugee status and about the details of his detention and torture. The Red Cross may also have had the victim examined by a doctor. Human Rights Watch also has prepared several reports urging the prosecution of the defendant for this crime. They have sent several memorandums to the Department of Justice about this incident. Such reports relate information about the victim that will be material to the preparation of the defense. The defense believes that the government has these reports and asks the court to order it to produce them to the defense. In such a high profile case that will set many precedents it will be hard to believe that the government's thorough investigation has not led them to the reports we seek.

  Pursuant to Rule 16 (A)(1)(C) of the Federal Rules of Criminal Procedure, the government must disclose evidence in its possession if it is material to the defense. In *United States v. Jordan*, 316 F3d.1215, 1250 (11th Cir, 2003) the Eleventh Circuit held that documents must be disclosed if the defendant demonstrates that it is material to the preparation of his defense. A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense.

*See United States v. Carrasquillo-Plaza,* 873 F.2d 10, 12-13 (1st Cir.1989); *United States v. Cadet,* 727 F.2d 1453, 1466 (9th Cir.1984). The defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense. *See, e.g., United States v. Marshall,* 132 F.3d 63, 67-68 (D.C.Cir.1998) ("helpful" means relevant to preparation of the defense and not necessarily exculpatory).

    Rule 16 directs the government to produce documents that are material to the preparation of the defense. The documents need not be exculpatory nor inculpatory. The only test the defense must meet is a showing that they are material to the defense. These reports are highly material to the defense. They will provide information about the victim not limited to whether he mentioned the defendant as his torturer or someone else, his political tribal affiliations that might shed light on his animosity toward the defendant and his father the ex president of Liberia, the location, manner, length of his detention after the torture, actions he took to leave Liberia including falsification of documents, other sources of injury to his body aside from the defendant's conduct, the identification of other witnesses to his torture and continued detention and his motives for applying for and receiving refugee status and asylum from the United Nations and the United States.

    The documents we seek are specific reports of interviews and other information

3

and documents presented by the anonymous victim to the Red Cross, the United Nations and Human Rights Watch. We only need to show that the reports will be helpful to the preparation of the defense. They clearly will be.

Assistant United States Attorney Karen Rochlin opposes this motion.

## CONCLUSION

Upon the foregoing, the defendant moves for an order requiring pretrial production of the mentioned reports to the defendant.

>                       KATHLEEN M. WILLIAMS
>                       FEDERAL PUBLIC DEFENDER
>
> BY:     s/Miguel Caridad
>         Miguel Caridad
>         Assistant Federal Public Defender
>         Florida Bar No. 384021
>         150 West Flagler Street, Suite 1700
>         Miami, FL 33130
>         (305) 530-7000
>         (305) 536-4559 - Fax
>         miguel_caridad@fd.org, E-mail

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

>     s/Miguel Caridad
>     Miguel Caridad