UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 06-20758-CR-ALTONAGA/Turnoff**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROY M. BELFAST, JR.,
a/k/a Charles McArthur Emmanuel,

    Defendant.

_____/

## **OMNIBUS ORDER**

**THIS CAUSE** is before the Court upon various pending motions filed by Defendant. These matters were referred to the undersigned by the Honorable Cecilia M. Altonaga, District Court Judge for the Southern District of Florida. See **[DE 82]** and **[DE 109]**. A hearing on these matters was held before the undersigned on June 13, 2007. The Court has considered the written and oral arguments, the applicable law, the record, and is otherwise duly advised in the premises.

### Introduction

It is well-established that there is no general constitutional right to discovery in criminal proceedings. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). However, in order to safeguard a defendant's due process rights, certain types of evidence require disclosure. Among these is exculpatory evidence that is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963); see, e.g., Moon v. Head, 285 F.3d 1301 (11th Cir. 2002). This duty does not extend so far as to require disclosure of neutral, irrelevant, speculative, or inculpatory evidence, see, United States v. Lindsey, 482 F.3d 1285 (11th

Cir. 2007); see, Carr v. Schofield, 364 F.3d 1246, 1255-56 (11th Cir. 2004); of inferences gleaned from the evidence, see, United States v. Flores-Sandoval, 94 F.3d 346, 353 (7th Cir. 1996); of evidence over which the government has no control, see, United States v. Shryock, 342 F.3d 948, 983 (9th Cir. 2003); or of evidence that is available to the defense from other sources, see, United States v. Cook, 170 Fed. Appx. 639, 640 (11th Cir. 2006).

Within this framework, Defendant's various motions will be addressed individually. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion for Production of Reports re: Detainee Treatment, Methods in Criminal Prosecution, National Security, and Anti-Terrorism Investigations **[DE 68]** seeks, *inter alia*, all documents reflecting a) official U.S. government policy on torture and the permissible severity of the infliction of pain, b) information concerning complaints of torture made against the U.S. government or its agents, and c) information reflecting the conclusions and opinions of the U.S. government and its medical, psychological, and legal experts regarding the effects of different forms of detainee treatment in light of the severity of approved and unapproved forms and methods practiced by the U.S. government or its agents.

Rule 16 of the Federal Rules of Criminal Procedure provides that a defendant is entitled to discovery of a document within the government's possession, custody, or control if the item is 1) material to preparing the defense, 2) the government intends to use the item in its case at trial, or 3) the item was obtained from or belongs to a defendant. In this case, the government neither intends to introduce at trial the documents sought by

Case No.: 06-20758-CR-ALTONAGA/Turnoff

Defendant nor were these documents obtained from or belong to Defendant. The only relevant inquiry remaining under Rule 16 is whether these documents are material to the preparation of the defense.

Materiality requires a showing that the requested item would enable Defendant to significantly alter the quantum of proof in his favor, not just that the item bears some abstract logical relationship to the case. U.S. v. Jordan, 316 F.3d 1215, 1250-51 (11th Cir. 2003). According to Defendant, the statutory elements of the criminal offense charged were vague as defined by the value-laden, qualitative terms.[1] Defendant argues that the requested materials are necessary to place into context the nature of the charged conduct in relation to the real-world application of tactics employed by civilized nations. The government argues that the ordinary meaning of the terms is clear as evidenced by a jury's rational, common sense application of the terms within the context of other types of cases. The government points to various applications of these terms by courts, without reference to policy and practice of the U.S. or other nations, in relation to *e.g.*, the Torture Victim Protection Act, application of the death sentence, the criminal code, and pattern criminal jury instructions.

To the extent that these materials are reasonably available to the defense from other sources and are not in the control of the government, the government is not required to disclose same. See argument *supra*. That Defendant would find, in these documents,

---

[1] Defendant filed a Motion to Dismiss the Indictment, and Memorandum of Law in Support, Based on the Unconstitutionality of 18 U.S.C. §2340A, Both on its Face and as Applied to the Allegations of the Indictment **[DE 38]**, which is pending before Judge Altonaga.

Case No.: 06-20758-CR-ALTONAGA/Turnoff

any favorable or exculpatory evidence bearing more than an abstract logical relationship to this case is speculative. No authority compels the government to provide the requested documents. As such, **[DE 68]** is **GRANTED**, only to the extent required by the Standing Discovery Order, Rule 16, 18 U.S.C. §4300 (the "Jencks Act"), Brady, and Giglio v. United States, 405 U.S. 150 (1972), and is otherwise **DENIED**.

2. In his Motion for Order Directing Depositions of all Government Witnesses **[DE 69]**, Defendant argues that an adequate defense would be impossible if witness testimony was heard for the first time at trial. Defendant concedes that there is no general right to discovery in criminal cases, Weatherford, 429 U.S. at 559, and that there is no authority requiring the deposition of all witnesses. United States v. Collazo-Aponte, 216 F.3d 163, 182 (1st Cir. 2000), vacated, 532 U.S. 1036 (2001); United States v. Pearson, 340 F.3d 459, 468 (7th Cir. 2003), vacated, 543 U.S. 1097 (2005); see also, United States v. House, 939 F.2d 659, 663 (8th Cir. 1991)(criminal defendants in non-capital cases are not entitled to pretrial disclosure of witnesses (citing United States v. Estabrook, 774 F.2d 284, 290 (8th Cir. 1985))). It is within the discretion of the Court whether or not to grant the deposition of a witness. Fed. R. Crim. P. 15(a)(1); e.g., United States v. Mann, 590 F.2d 361, 365 (1st Cir. 1978). It is to be granted only in "exceptional circumstances." Id., e.g., United States v. Whiting, 308 F.2d 537, 541 (2nd Cir. 1962)(quoting United States v. Glessing, 11 F.R.D. 501 (D. Minn. 1951)).

Defendant argues that this Court should create a modification of the discovery deposition procedure analogous to Rule 15. Rule 15 limits the Court's authority in allowing

Case No.: 06-20758-CR-ALTONAGA/Turnoff

depositions to those instances where it is necessary to preserve testimony for trial, and does not support the ordering of depositions for discovery purposes. See, United States v. Alvarez, 837 F.2d 1024, 1029 (11th Cir. 1988) and United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir. 1993).

Defendant further argues that the facts of this case are similar to those in cases where the Supreme Court found it appropriate to establish new Constitutional standards, such as in Brady, Giglio, Holloway v. Arkansas, 435 U.S. 475 (1978), Miranda v. Arizona, 384 U.S. 436 (1966), Napue v. Illinois, 360 U.S. 264 (1959), and Rovario v. United States, 353 U.S. 53 (1957). Notwithstanding, this Court is persuaded by the overwhelming precedent rejecting the use of depositions as a tool for discovery.

As such, **[DE 69]** is **GRANTED**, only to the extent required by the Standing Discovery Order, Rule 16, the Jencks Act, Brady, and Giglio, and is otherwise **DENIED**. The government represented that it has provided the defense with discovery, including but not limited to a report of medical examination of the victim, photographs of the victim, and information and documentation concerning interaction of the victim with the International Red Cross and the United Nations High Commissioner for Refugees documenting the victim's detention following his torture and his eventual refugee status after fleeing Liberia. The discovery provided also revealed that the victim used an assumed name as part of that flight and that a witness, whom the victim named, was present at his questioning at Whiteflower, and denied knowledge of the victim or his presence in the manner the victim described.

Case No.: 06-20758-CR-ALTONAGA/Turnoff

3. In his Motion for Bill of Particulars **[DE 78]**, Defendant requests a bill of particulars setting forth, *inter alia*, the name of the victim, the names of the co-conspirators and what each did, the manner in which Defendant acted under color of law, and the basis for the Court's jurisdiction. Pursuant to Rule 7(f), the Court may direct the government to file a bill of particulars with the purpose of providing a defendant with sufficient details of the crime so as to allow for the preparation of an adequate defense, to minimize surprise at trial, and to allow for a plea of double jeopardy. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986)(citing United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985). A bill of particulars is not devised to provide general discovery. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). This Court has broad judicial discretion when determining whether to grant a request for a bill of particulars. Colson, 662 F.2d at 1391-1392; Moseley, 450 F.2d at 510. Where the information sought is essential to the defense, it may be reversible error to deny the bill for particulars. U.S. v. Cole, 755 F.2d 748 (11th Cir. 1985); U.S. v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978).

As such, **[DE 78]** is **GRANTED** as follows and is otherwise **Denied**. The government has previously provided Defendant with the basis for the Court's jurisdiction, as well as what co-conspirator's house was used, and information regarding the locations, other than Whiteflower, where the victim was taken including any detention facilities. **[DE 96]** at p. 19-20.

The undersigned finds that the government must provide further information regarding the victim. It is hereby **ORDERED AND ADJUDGED** that disclosure of the

Case No.: 06-20758-CR-ALTONAGA/Turnoff

victim identity shall be in accordance with the terms of the government's letter of May 4, 2007, which was introduced into evidence as Court's Exhibit 1. The name and location of the victim's attorney shall be provided as well. The government shall also disclose the names of any co-conspirators and, to the extent that such names are not known, the government shall so state in writing. The terms of such disclosure are without prejudice to Defendant requesting further relief as deemed necessary. Compliance with the terms stated herein shall be by no later than Friday, June 15, 2007.

4. In the Motion for Production of List of Witnesses to the Offense and a List of Government Witnesses **[DE 74]**, Defendant requests production of all witnesses to the offense and continued detention of the victim through 2003, along with addresses and phone numbers, as well as all witnesses the government intends to call at trial, along with addresses and phone numbers. As fully discussed *supra*, Defendant is not entitled to obtain a list of government witnesses. Neither is Defendant entitled to obtain a list of witnesses to the offense. United States v. Villa, 370 F.Supp. 515, 520 (D. Conn. 1974). However, in certain circumstances, such disclosure is warranted. If Defendant seeks legitimate information, it may not be denied merely because in so doing it would divulge the names of government witnesses. Id.; United States v. Adonizio, 451 F.2d 49, 64 n.16 (3rd Cir. 1971). Such disclosure is appropriate when Defendant makes a particularized showing that "the list is both material to the preparation of the defense and reasonable in light of all the circumstances." United States v. Marquez, 686 F.Supp. 1354, 1364 (N.D. Ill. 1988). For example, some courts in this circuit have granted a bill of particulars when it sought the names of unindicted co-conspirators and the defendant did not know who they were. See, United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990)("an essential

Case No.: 06-20758-CR-ALTONAGA/Turnoff

element of the offense is the identity of the individuals who agreed").

As discussed *supra*, the Court ordered the victim's identity to be disclosed. With respect to the other potential witnesses, Defendant has failed to persuade this Court that disclosure is warranted. Nevertheless, the government has disclosed the name of one witness who disputes the victim's claims that he was tortured by Defendant. Furthermore, the government has provided Defendant with a separate response regarding jurisdictional standing. See **[DE 58]**. As such, **[DE 74]** is **GRANTED** with respect to disclosure of the victim's identity, as discussed *supra*, and to the extent required by the Standing Discovery Order, Rule 16, the Jencks Act, Brady, and Giglio, and is otherwise **DENIED**.

5. In Defendant's Motion for Production of Victim's Immigration File and Asylum Proceedings **[DE 71]**, he argues that the victim in this case received asylum from the U.S. immigration service predicated upon his allegations that he was tortured by the Liberian government and, specifically, by Defendant. Defendant argues that credibility of the witness is a central issue. Toward that end, Defendant seeks immigration documents in order to attack the victim's credibility. The government argued that any claim that the witness was improperly motivated in raising these allegations is conclusory and speculative, and that this Motion amounts to a general demand for impeachment material. See, Jordan, 316 F.3d 1215. Courts have denied motions similar to this where the only justification was conclusory claims that files contained information essential to defense preparation. See, United States v. Cantu, 557 F.2d 1173, 1178-79 (5th Cir. 1977); United States v. Swiatek, 632 F.Supp. 985 (N.D. Ill. 1986).

Case No.: 06-20758-CR-ALTONAGA/Turnoff

The government further argues that the victim was not granted asylum by the United States. Instead, he applied for and obtained refugee status after fleeing Liberia. Thus, there are no records of asylum proceedings. The government argues further that the decision to grant the victim refugee status occurred prior to and independent of the investigation and charge in this case. The government indicated that it provided Defendant discovery to this effect. As such, **[DE 71]** is **GRANTED**, only to the extent required by the Standing Discovery Order, Rule 16, the Jencks Act, Brady, and Giglio, and is otherwise **DENIED**.

6. In his Motion for Disclosure of Lay Opinion Testimony and to Exclude Background Hearsay Testimony **[DE 72]**, Defendant requests disclosure of lay opinion testimony and exclusion of background hearsay testimony. Defendant argues that the government will offer general background testimony by having witnesses, including the victim, provide hearsay testimony about the introductory allegations and general allegations contained in the Indictment relating to Liberia and its political climate at the time of the incident at issue. Further, Defendant argues that the government may seek to offer undefined background evidence in the form of lay opinion testimony pursuant to Federal Rule of Evidence 701, such as, *e.g.*, Defendant's position and authority within the Liberian government, his reputation in the Liberian community, whether Defendant was acting under color of law, and the degree of state authority with which Defendant acted. No legal basis was provided by Defendant for the proposition that Defendant is entitled to the relief requested based upon the government potentially seeking to introduce at trial

Case No.: 06-20758-CR-ALTONAGA/Turnoff

inadmissible evidence.  Indeed, no legal authority supports this position.  As such, **[DE 72]** is **GRANTED**, only to the extent required by the Standing Discovery Order, Rule 16, the Jencks Act, <u>Brady</u>, and <u>Giglio</u>, and is otherwise **DENIED**.

7. In the Motion for Production of Reports Prepared by International Red Cross, Human Rights Watch and the United Nations Office for Refugees **[DE 73]**, Defendant requests disclosure of reports of interviews, or other unspecified information and documents, which the victim supposedly produced to third parties.  The prosecution represented that it was not in possession of any reports of interviews of the victim from the International Red Cross or the Human Rights Watch about the victim or about the acts of torture charged in the Indictment.  The government admitted that it was in possession of a statement from the victim made to the United Nations High Commissioner for Refugees concerning the torture, but argued that nothing in it was exculpatory.

Defendant cannot obtain this discovery through Rule 16, as set forth *supra*.  Rule 16 does not authorize the discovery or inspection of statements made by a prospective government witness except as provided in the Jencks Act.  The victim in this case is a prospective government witness.  Rule 16(a)(2) limits discovery to statements made by prospective government witnesses as provided under the Jencks Act.  The Jencks Act entitles a federal criminal defendant to obtain any pretrial statement and report made by a government witness, but only after the witness has testified on direct examination at trial. <u>Jordan</u>, 316 F.3d at 1251.

Defendant demands production of material the government does not have and

Case No.: 06-20758-CR-ALTONAGA/Turnoff

otherwise demands premature production of Jencks Act material. As such, **[DE 73]**, is **GRANTED**, only to the extent required by the Standing Discovery Order, Rule 16, the Jencks Act, Brady, and Giglio, and is otherwise **DENIED**. The Court notes that the government has previously provided documents to Defendant in discovery indicating that the Red Cross and the United Nations Office for Refugees interviewed the victim about his request for refugee status and about the details of his detention and torture.

8. In the Motion *in Limine* to Exclude Hearsay Statements and Copies of Documents **[DE 75]**, Defendant seeks to exclude any testimony by the victim's uncle regarding a phone call made in connection with the alleged torture, based upon Federal Rule of Evidence 801, and to exclude documents on the grounds that they were copies rather than originals, pursuant to F.R.E. 1002.

F.R.E. 803 provides for certain instances where statements are not to be excluded as hearsay. Thus, labeling evidence as hearsay does not automatically warrant its exclusion. No determinations are possible until trial begins and challenges are made.

F.R.E. 1003 allows a party to offer duplicates, unless a genuine issue is raised regarding authenticity, or where it would be unfair to admit a duplicate in lieu of the original given the circumstances. Specifically, Defendant seeks originals of travel certificates used by the victim to travel out of Liberia under a false name, with attached photographs. It is premature to determine whether the copies should be excluded because such determination is predicated upon the government's ability to authenticate same. See U.S. v. Elkins, 885 F.2d 775, 785 (11th Cir. 1989)(F.R.E. 901(a) requires only competent

Case No.: 06-20758-CR-ALTONAGA/Turnoff

evidence in the record to support authentication). As such, **[DE 75]** is **DENIED**.

9.  In Defendant's Motion to Strike Aliases From Indictment **[DE 76]**, Defendant argues that the use of aliases is prejudicial, because it is associated with criminal behavior, and no evidence has been produced justifying the use of same.

The Indictment identifies Defendant as Roy M. Belfast, Jr., Chuckie Taylor, Charles Taylor, Jr., Charles Taylor II, and Charles McArther Emmanuel. "If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted." United States v. Harriston, 329 F.3d 779 (11th Cir. 2003), quoting United States v. Clark, 541 F.2d 1016, 1018 (4th Cir.1976); see, United States v. Hines, 955 F.2d 1449, 1454 (11th Cir. 1992). If the evidence does not bear same at trial, then, upon proper motion, the unsubstantiated aliases should be removed at the close of the evidence before the Indictment goes out with the jury. Harriston, 329 F.3d at 792.

The government's basis for jurisdiction is Defendant's status as a U.S. national. Defendant was born under the name Charles McArther Emmanuel. He legally changed his name briefly to Roy M. Belfast, Jr. Defendant also moves to strike the portion of the Indictment that refers to the legal name change. The other names, or some variation thereof, link Defendant to Charles Taylor. As such, **[DE 76]** is **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 29th day of June 2007.

									_____
									**WILLIAM C. TURNOFF**
									**United States Magistrate Judge**

Cc:  Honorable Cecilia M. Altonaga
     All counsel of record