UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  06-20758-CR-ALTONAGA

UNITED STATES,

    Plaintiff,

v.

CHARLES EMMANUEL,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR PRODUCTION
OF INFORMATION BEFORE DEFENSE TRIP TO LIBERIA**

The Defendant CHARLES EMMANUEL through counsel, respectfully moves for production by the government before October 20, 2007, of information that is necessary to the preparation of our defense and says:

The grand jury filed a superseding indictment on September 6, 2007, which charges a conspiracy to torture from 1999 to 2003, and includes six additional victims. The indictment alleges that the defendant and others killed three people, committed numerous additional acts of torture, including burning a man to death, not only in Monrovia but throughout the countryside of Liberia in 1999. The government

has informed us that they intend to prove that the defendant ordered three persons to be decapitated in 1999 and their heads placed on the St. Paul River Bridge in rural Liberia. The government has also informed us that they intend to call four persons who were not tortured but who will testify that they witnessed these acts at the bridge and at the ATU base in Gbatala.

The new indictment and the additional witnesses requires that the court provide us with additional discovery as contemplated by Rule 16(d) of the Federal Rules of Criminal procedure. The defendant's constitutional rights to due process, a fair trial and effective assistance of counsel will be violated unless the court grants the relief we seek. The defendant is now facing a life sentence if convicted on these charges. By one reading the sentencing guidelines, the advisory guideline range is life in prison.

We have presented the court in previous motions with legal precedent[1] that would allow it to modify the usual course of discovery to provide information that is material to the defense. The court itself has acknowledged its authority, for example, to order pretrial production of witness lists. (*See* Court's order denying government's motion for protective order, DE 66 , page6) We ask the court to rely on the precedent

---

[1] Defendant's Motion to Produce Witness Lists and replies to government responses, docket entries 74, 119.

we have cited to exercise that authority and provide us with the information we need to adequately prepare a defense. We ask the court to order the government to provide us with the information by October 20, before we leave for our trip to Liberia on October 22, 2007.

The new indictment ranges much further into the past as well as much farther away from the capital of Monrovia than did the original charges. The new 1999 incidents occurred at a checkpoint at the St. Paul River Bridge, at the police station at Gbarnga and at the ATU base in Gbatala, all of which are located in rural areas many hours of difficult road travel away from the capital of Liberia. The government has been able to obtain the testimony of four non victim witnesses who were present in 1999 when the acts occurred. We cannot hope to uncover similar evidence without further information.

The government has been able to rely on its own agents stationed in Liberia and certainly on the assistance of the Liberian government for help in locating such witnesses. We cannot do the same. We do not have agents stationed anywhere and the Liberian government is decidedly anti Charles Taylor and will not give us assistance comparable to that given the prosecution. This imbalance of power shows the inherent difficulty in properly defending against stale accusations that occurred a world away. If we have to wait until trial to receive this information, we will be

unable to do anything with it. The defense simply cannot prepare for a meaningful trial against these charges without receiving additional information now.

We ask the court to order the government to provide the following before October 20, 2007:

1) the names, addresses and phone numbers of all of its witnesses so that we can investigate them while we are in Liberia,

2) the names, addresses and phone numbers of all persons, whether government witnesses or not, who witnessed any of the overt acts listed in the indictment so that we can interview them while we are in Liberia,

3) any additional incidents and locations of alleged torture and detention not specified in the indictment,

4) the exact location where any and all burned bodies or other corpses were placed or buried in Liberia, and

5) the exact burial place of torture victim Abdul Cole at the ATU base,

6) the names of any persons and/or agencies in Liberia to whom the victims reported their torture, and

7) the names, addresses and phone numbers of any person or organization that sponsored or assisted the victims in any way in leaving Liberia.

Assistant United States Attorney Karen Rochlin opposes this motion.

                            KATHLEEN M. WILLIAMS
                            FEDERAL PUBLIC DEFENDER

BY:    s/Miguel Caridad
          Miguel Caridad
          Assistant Federal Public Defender
          Florida Bar No. 384021
          150 West Flagler Street, Suite 1700
          Miami, FL 33130
          (305) 530-7000
          (305) 536-4559 - Fax
          miguel_caridad@fd.org, E-mail

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2007, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

          s/Miguel Caridad
          Miguel Caridad