UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-20758-CIV-ALTONAGA/Turnoff

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

ROY M. BELFAST, JR.,
a/k/a/"Chuckie Taylor,"
    "Charles Taylor, Jr."
    "Charles Taylor II,"
    "Charles McArther Emmanuel."

    Defendant,
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the court upon Defendant's Amended Motion to Suppress in Court and Out of Court Identification and Request for Evidentiary Hearing **[DE 296]**, and Defendant's Amended Motion for Production of Evidence Regarding Out of Court Identification **[DE 297]**. This matter was referred to the undersigned by the Honorable Cecilia M. Altonaga, District Court Judge for the Southern District of Florida. **[DE 300]**. A hearing on this matter was held on February 11, 2008. Upon review of written and oral arguments, the applicable law, and the court record, the undersigned makes the following findings.

### I. Background

Originally, the indictment in this case charged crimes arising from a

Case No.: 06-20758-CIV-ALTONAGA/Turnoff

single incident with a single victim.  Defendant challenged the out-of-court identification of Defendant by that victim.  In Defendant's attack, he alleged that the photograph lineup was suggestive because Defendant was the only prominent Liberian therein.  On June 13, 2007, the undersigned conducted a hearing to address various motions, including Defendant's motion to suppress the out-of-court identification **[DE 80]**.  The undersigned entered a Report and Recommendation finding that the identification procedures used were not unduly suggestive and that Defendant had failed to produce sufficient evidence to support his claim. **[DE 150]**.  Defendant appealed **[DE 178]**.  Judge Altonaga denied same **[DE 191]**, and adopted the Report and Recommendation. **[DE 221]**.

In September 2007, the indictment was superseded **[DE 222]**, and additional incidents and victims were included.[1]  New victims and new witnesses identified Defendant out of the same photograph spread that had been used with the original victim, while other victims failed to identify Defendant.

## II.   Findings of Fact

The instant motions seek to suppress evidence regarding the out-of-court photograph identifications by the new victims and witnesses, as well as the

---

[1] In November 2007, the indictment was superseded a second time with no pertinent changes to the victims/witnesses. **[DE 257]**.

Case No.: 06-20758-CIV-ALTONAGA/Turnoff

production of evidence related to same.

In May of 2007, Special Agent Matthew Baechtle ("Agent Baechtle"), with the U.S. Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security, separately interviewed 3 new victims. Present at each of these interviews were Agent Baechtle, the victim and the victim's counsel, and an investigator for a foreign police service. Agent Baechtle first interviewed each victim and then presented each with a color photograph spread containing Defendant's image.[2] Agent Baechtle instructed each victim to advise if anyone from the lineup was recognizable. Victim 1 advised that someone in the top row may have looked like Defendant, but Victim 1 did not make a positive identification of Defendant. Both Victim 2 and Victim 3 identified photograph #3 from the spread as being that of Defendant. They identified Defendant as Chuckie Taylor. Each circled the number of the photograph, and signed and dated the spread. Victim 2 commented that, at the time of the torture, Defendant had a moustache that was not as bushy but that he recognized his eyes and hair. Victim 3 stated that it had been a long time but that he recognized his face.

ICE Special Agent William J. Barnett, interviewed Victim 5 in February of 2007. Present at the meeting also were ICE Special Agent Doyle and

---

[2] All of the witnesses were shown different copies of the same photograph spread that was used in making the original identification in this case.

Case No.: 06-20758-CIV-ALTONAGA/Turnoff

attorney Cox of the Department of Justice. Agent Barnett advised Victim 5 to review the photograph spread and advise if anyone was recognizable. Cox advised Victim 5 to take his time and not feel pressured to make an identification. Victim 5 identified photograph #3 as being that of Defendant. Victim 5 stated that Defendant did not have a beard at the time of his arrest but that he recognized him because he had his father's face. Victim 5 placed his initials next to the photograph, signed and dated same. Agents Barnett and Doyle also signed and dated the spread.

Special Agent Alvie Price, with the Federal Bureau of Investigation (FBI), interviewed Witnesses 1, 2, 3, and 4, in August of 2007. Each witness was interviewed individually with only the witness and Agent Price present. Each witness was then shown the same photograph spread in black and white instead of in color. Agent Price advised each witness that he/she may or may not recognize anyone who could possibly have been involved in the arrest and/or torture of him/herself or a family member. All 4 Witnesses identified photograph #3 as being that of Defendant. Witness 1 and Witness 2 each circled the photograph number and signed it. Witness 3 did not circle the photograph number but signed his name. Witness 4, who is related to one of the victims in the case, circled the photograph number.

### III.  Conclusions of Law

This court has previously determined that the photographic spread

Case No.: 06-20758-CIV-ALTONAGA/Turnoff

employed in this case was not unduly suggestive. For a detailed discussion regarding the photographic spread and the law on suppression of identification, please see **[DE 150]**, Report and Recommendation on Defendant's Motion to Suppress In and Out of Court Identification **[DE 80]**, which is attached hereto and made a part hereof as Exhibit "1," and Judge Altonaga's Order adopting same **[DE 221]**, which is attached hereto and made a part hereof as Exhibit "2."

The same photographic spread that was found not to be suggestive previously is at issue here with respect to the new identifications. Defendant has not raised any new factual claims concerning the suggestiveness of the photographic spread itself or the identification procedures at issue. Nor has Defendant cited any new legal authority regarding suggestiveness. Nothing in Defendant's written or oral arguments, and nothing arising from the within evidentiary hearing, warrant a different conclusion from that record following the initial evidentiary hearing.

Defendant requested the Court to require the presence of all witnesses and alleged victims at an evidentiary hearing in order to examine them with respect to the identification. Defendant further requested the production of certain information concerning the identification of Defendant by various victims and witnesses to assist him in deciding whether to hire an expert witness in the field of eyewitness identification. No authority was cited to

Case No.: 06-20758-CIV-ALTONAGA/Turnoff

support either the expanded discovery requests or the presence of victims/witnesses for questioning by the defense at an evidentiary hearing on a motion to suppress. The undersigned is unaware of any rule or precedent or any unique circumstance, that would support Defendant's request herein.

For the foregoing reasons, it is **RECOMMENDED** that:

1. Defendant's Amended Motion to Suppress in Court and Out of Court Identification and Request for Evidentiary Hearing **[DE 296]** be **Granted-in-part and Denied-in-part**. It is granted insofar as an evidentiary hearing was held, and is otherwise denied; and

2. Defendant's Amended Motion for Production of Evidence Regarding Out of Court Identification **[DE 297]** be **Granted-in-part and Denied-in-part**; granted insofar as the allowance of evidence from the agents who testified at the evidentiary hearing, but denied as to production from the victims and/or witnesses.

Pursuant to 28 U.S.C. §636(b)(1)(c), the parties may file written objections to this Report and Recommendation with the Honorable Cecilia M. Altonaga, United States District Court, within ten (10) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F. 2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988).

Case No.: 06-20758-CIV-ALTONAGA/Turnoff

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida this 19th day of February 2008.

_____
**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Cecilia M. Altonaga
All counsel of record.