UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20758-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

vs.

**ROY M. BELFAST, Jr.**,
a/k/a "Chuckie Taylor,"
a/k/a "Charles Taylor, Jr,"
a/k/a "Charles Taylor II,"
a/k/a "Charles McArther Emmanuel,"

    Defendant.
_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the Second Superseding Indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the

Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that control. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally

tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

In any criminal case the Government must prove, of course, the identity of the Defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question? What length of time did the witness have to observe the person? What were the prevailing conditions at that time in terms of visibility or distance and the like? Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness' identification of the Defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

You may not draw any inference, favorable or unfavorable, toward the Government or the Defendant on trial from the fact that any person in addition to the Defendant is not on trial here. You may also not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

At this time I will explain the Second Superseding Indictment which charges eight separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count One charges that the Defendant knowingly and voluntarily conspired together with others to commit torture, in that the Defendant and others conspired to commit acts, under the color of law, with the specific intent to inflict severe physical pain and suffering upon other persons, within the conspirators' custody and physical control. Counts Three through Seven, respectively, charge the commission of what are referred to as substantive offenses, namely that the Defendant committed torture. Likewise, Count Two charges that the Defendant knowingly and voluntarily conspired together with others to use and carry firearms during and in relation to a crime of violence, that is, torture and conspiracy to torture. Count Eight charges the commission of what is referred to as a substantive offense, namely that the Defendant used or carried a firearm during and in relation to a crime of violence, that is, torture and conspiracy to torture. I will explain the law governing those substantive offenses in a moment.

First, however, as to Counts One and Two, you will note that the Defendant is not charged in those Counts with committing substantive offenses; rather, he is charged with having conspired to do so.

Title 18, United States Code, Section 2340A(c), makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 2340A. As I will explain in further detail, Section 2340A makes it a crime to commit torture outside the United States.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is *not* necessary for the Government to prove that all of the people named in the indictment were members of the scheme; *or* that those who *were* members had entered into any formal type of agreement; *or* that the members had planned together *all* of the details of the scheme or the "acts in furtherance of the conspiracy" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case *must* show beyond a reasonable doubt is:

<u>First</u>       That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

4

>  Second:     That the Defendant, knowingly and voluntarily joined or participated in the conspiracy; and
>
>  Third:      That the object of the unlawful plan was to commit torture, as charged.

An "act in furtherance of the conspiracy" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and voluntarily joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

In some instances a conspirator may be held responsible under the law for a substantive offense in which he or she had no direct or personal participation if such offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects.

So, in this case, with regard to Counts Three through Seven, insofar as the Defendant is concerned, if you have first found the Defendant guilty of the conspiracy offense as charged in Count One of the Second Superseding Indictment, you may also find the Defendant guilty of any of the offenses charged in Counts Three through Seven even though the Defendant did not personally participate in such offenses if you find, beyond a reasonable doubt:

>  First:     That the offense charged in such Count was committed by a conspirator during the existence of the conspiracy and in furtherance of its objects;
>
>  Second:    That the Defendant was a knowing and voluntary member of the conspiracy at the time of the commission of such offense; and
>
>  Third:     That the commission of any of the offenses charged in Counts Three through Seven by a co-conspirator was a reasonably foreseeable consequence of the conspiracy.

5

Title 18, United States Code, Section 2340A, makes it a Federal crime or offense for a national of the United States or anyone now present in the United States, irrespective of nationality, to commit torture while outside of the United States.

Torture means an act committed by a person, acting under the color of law, specifically intended to inflict severe physical pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control. Lawful sanctions include judicially imposed sanctions and other enforcement actions authorized by law, including the death penalty, but do not include sanctions that defeat the object and the purpose of the law prohibiting torture.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:       That the Defendant committed an act with the specific intent to inflict severe physical pain or suffering;

Second:      That the Defendant was acting under the color of law;

Third:       That the act of torture was against another person who was within the Defendant's custody or physical control; and

Fourth:      That the act of torture occurred outside the United States.

"Specific intent to inflict severe physical pain or suffering" means to act with the intent to commit the act as well as the intent to achieve the consequences of the act, namely the infliction of the severe physical pain or suffering. An act that results in the unanticipated or unintended severity of pain and suffering is not torture.

"Severe physical pain" means bodily pain that is extreme in intensity and difficult to endure.

"Severe physical suffering" means physical distress that is extreme considering its intensity and duration or persistence and that is difficult to endure.

The term "torture" is usually reserved for extreme, deliberate, and unusually cruel practices rather than lesser forms of cruel, inhuman or degrading treatment or punishment. The severity of the intended pain and suffering is the distinguishing characteristic of torture under 18 U.S.C. §2340A.

To act "under color of law" means to act beyond the bounds of lawful authority, but in such a manner that the unlawful acts were done while the official was purporting or pretending to act in the performance of official duties. In other words, the unlawful acts must consist of an abuse or misuse of power which is possessed by the official only because that person is an official.

The Defendant may be found guilty of the charges contained in the Second Superseding Indictment, however, even though the Defendant was not an official or employee of a governmental

unit, if you find beyond a reasonable doubt that the essential facts constituting the offense charged have been established, as defined in these instructions, and that the Defendant was a willful participant together with the governmental unit or its agents in the doing of such acts.

Title 18, United States Code, Section 924(o), makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 924(c)(1). Section 924(c)(1) makes it a crime for anyone to carry a firearm during and in relation to a crime of violence, and to possess a firearm in furtherance of a crime of violence.

Again, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

(In order to establish a conspiracy offense it is *not* necessary for the Government to prove that all of the people named in the indictment were members of the scheme, *or* that those who *were* members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.)

What the evidence in the case *must* show beyond a reasonable doubt is:

First: That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second: That the Defendant, knowingly and voluntarily joined or participated in the conspiracy; and

Third: That the object of the unlawful plan was to carry a firearm during and in relation to a crime of violence, and to possess a firearm in furtherance of a crime of violence.

(A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and voluntarily joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.)

(Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.)

In some instances a conspirator may be held responsible under the law for a substantive

offense in which he or she had no direct or personal participation if such offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects.

So, in this case, with regard to Count Eight, and insofar as the Defendant is concerned, if you have first found the Defendant guilty of the conspiracy offense as charged in Count Two of the Second Superseding Indictment, you may also find the Defendant guilty of the offense charged in Count Eight even though such Defendant did not personally participate in such offense if you find, beyond a reasonable doubt:

First: That the offense charged in such Count was committed by a conspirator during the existence of the conspiracy and in furtherance of its objects;

Second: That the Defendant under consideration was a knowing and voluntary member of the conspiracy at the time of the commission of such offense; and

Third: That the commission of such offense by a co-conspirator was a reasonably foreseeable consequence of the conspiracy.

Title 18, United States Code, Section 924(c)(1), makes it a separate federal crime or offense for anyone to carry a firearm during and in relation to a crime of violence, or to possess a firearm in furtherance of a crime of violence.

The Defendant can be found guilty of that offense as charged in Count Eight of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant committed at least one of the crimes of violence charged in Count One, paragraphs 24 through 34 and/or Count Six of the Second Superseding Indictment;

Second: That during the commission of one or both of those crimes of violence the Defendant knowingly carried or possessed a firearm, as charged; and

Third: That the Defendant carried the firearm "in relation to," or possessed the firearm "in furtherance of," the crime of violence.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "carry" or "possess" a firearm means that the Defendant either had a firearm on or around his person *or* transported, conveyed or controlled a firearm in such a way that it was available for immediate use if the Defendant so desired during the commission of the crime of violence; and to

carry a firearm "in relation to" an offense means that there must be a connection between the Defendant, the firearm, and the crime of violence so that the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity. To possess a firearm "in furtherance" of an offense means something more than mere presence of a firearm; it must be shown that the firearm helped, furthered, promoted or advanced the offense in some way.

The Second Superseding Indictment charges that the Defendant knowingly carried a firearm during and in relation to a crime of violence and possessed a firearm in furtherance of a crime of violence. It is charged, in other words, that the Defendant violated the law as charged in Count Eight in two separate ways. It is not necessary, however, for the Government to prove that the Defendant violated the law in *both* of those ways. It is sufficient if the Government proves, beyond a reasonable doubt, that the Defendant knowingly violated the law in *either* way; but, in that event, you must unanimously agree upon the way in which the Defendant committed the violation.

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the Defendant is guilty. However, you also are instructed that specific investigative techniques, such as DNA and fingerprints, are not required to be presented in order for you to find the Defendant guilty of the charges in this case. Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the Defendant's guilt has been proved beyond a reasonable doubt.

You will note that the Second Superseding Indictment charges that each offense was committed "on or about" certain dates. The Government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the Government proves beyond a reasonable

doubt that the offenses were committed on dates reasonably near the dates alleged.

The word "knowingly," as that term is used in the Second Superseding Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal and political advancement or gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

A separate crime or offense is charged in each count of the Second Superseding Indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.