UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case 06-20758-CR-ALTONAGA


THE UNITED STATES OF AMERICA,

       Plaintiff,

                            MIAMI, FLORIDA

     vs.

                            OCTOBER 29, 2008

ROY M. BELFAST, JR., a/k/a
CHUCKIE TAYLOR, CHARLES
McARTHUR EMMANUEL, CHARLES
TAYLOR, JR. and CHARLES
TAYLOR, III,

       Defendant.
_____

TRANSCRIPT OF TRIAL PROCEEDINGS
BEFORE THE CECILIA M. ALTONAGA,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:

                           KAREN ROCHLIN, A.U.S.A.
                           CAROLINE HECK-MILLER, A.U.S.A.
                           Office of the U.S. Attorney
                           99 N.E. 4th Street
                           Miami, FL  33132 - 305.961.9234
                           (Fax) 305.536.4675
                           Email:  karen.rochlin@usdoj.gov
                                   caroline.miller@usdoj.gov

                           CHRISTOPHER GRAVELINE, Trial Attorney
                           U.S. Department of Justice
                           950 Pennsylvania Avenue, N.W.
                           Washington, D.C. 20530 - 202.514.3270
                           christopher.graveline@usdoj.gov

TOTAL ACCESS COURTROOM REALTIME TRANSCRIPTION

```
 1
    FOR THE DEFENDANT:
 2
                          JOHN WYLIE, A.F.P.D.
 3                        MIGUEL CARIDAD, A.F.P.D.
                          Federal Public Defender's Office
 4                        150 West Flagler Street
                          Miami, FL  33130 - 305/536-6900
 5                             (Fax) 305/530-7120
                          Email:  miguel_caridad@fd.org
 6                                  john_wylie@fd.org
 7  REPORTED BY:
 8                        BARBARA MEDINA
                          Official United States Court Reporter
 9                        400 North Miami Avenue, Ste. 12-2
                          Miami, FL  33128 - 305.523.5518
10                             (Fax) 305.523.5519
                          Email:  barbmedina@aol.com
11
                            - - - -
12
                        TABLE OF CONTENTS
13
                                                          Page
14
    Reporter's Certificate ................................... 18
15
16
                        INDEX TO EXHIBITS
17
    Exhibits                   Marked for        Received
18                             Identification    in Evidence
19  Description                Page    Line     Page   Line
20
21
                        CITATION INDEX
22
                                                          Page
23  United States versus Davis ............................. 13
24  United States versus Griffin ........................... 12
25
```

October 29, 2008

1                        SIDEBAR CONFERENCE INDEX

2    Descriptions                                              Page

3                      ADMINISTRATIVE CONVENTIONS:

4         When counsel does not identify themselves each time they

5    address the Court during a telephone conference, the

6    industry-standard speaker identification is indicated by

7    chevrons, i.e., >>>:

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

October 29, 2008

1            THE COURT:  Please be seated.

2            You have all had the benefit of reviewing the jury's

3    question?

4            MR. CARIDAD:  Yes.

5            THE COURT:  I'll had hear from the parties.

6            MR. CARIDAD:  Judge, I think we have agreed to give

7    them a transcript of the page on which Agent Naples testified

8    as to the name and number for each victim, October 16th, '97.

9            THE COURT:  Let  me make a suggestion.  My concern is

10   if I give this to the jury that we're going to start getting

11   requests for other pages of transcripts.

12           So, what I would propose doing is taking this verbatim

13   from the question to the last answer, before Mr. Graveline says

14   "One moment," and just typing it and giving it to them in a

15   typed form, and I can do it right now and you all can look at

16   it.

17           I'm concerned we're going to start getting requests

18   for other parts of the trial.

19           MS. ROCHLIN:  The United States has no objection to

20   your solution, Your Honor.  We're comfortable with that.

21           MR. CARIDAD:  That's fine, too, Judge.

22           THE COURT:  Should I identify who the speaker was?

23           MR. GRAVELINE:  No, Your Honor.  I think it would be

24   fine, just question/answer.

25           THE COURT:  Any objection?

**October 29, 2008**

```
 1              MS. ROCHLIN:  No, Your Honor.

 2              MR. CARIDAD:  No, Judge.

 3              THE COURT:  All right.

 4              MR. CARIDAD:  Judge, do you want us to be available

 5    during lunch or no?

 6              THE COURT:  I don't think so.  Their lunch hasn't

 7    arrived yet.

 8              MR. CARIDAD:  I'm not going out of the city or

 9    anything, but from 1:00 to 2:00?

10              THE COURT:  I think that's fine.  Enjoy your lunch.

11               [There was a short recess at 12:44 p.m.]

12              THE COURT:  Please be seated.

13              You've all had the opportunity now to read the jury's

14    second question?

15              MR. CARIDAD:  Yes, Your Honor.

16              MS. ROCHLIN:  Yes, Your Honor.

17              THE COURT:  I'll hear your position.

18              MS. ROCHLIN:  Your Honor, the Government's position is

19    that the question can be answered simply with the word "No."

20              MR. CARIDAD:  First we need to know what they mean by

21    "Indictment 4."  Do they mean Count IV?  Do they mean victim 4?

22    Victim 4 would be listed in the conspiracy count.  Count IV

23    concerns Mr. Turay.

24              So, I think we should ask them to clear up what they

25    mean by "Indictment 4."  If it's the conspiracy count, then,
```

1   perhaps, we should refer them to the conspiracy instructions.

2   If it's Count IV, we should refer them to the aiding and

3   abetting instructions.

4        I think we should first know what they mean by

5   "Indictment number 4."

6        MS. ROCHLIN:  Your Honor, we think it would be unwise

7   to engage in a colloquy with the jury as to their question,

8   especially when regardless of how they answer, the legal

9   solution to their question remains the same.

10        Whether it's aiding and abetting or whether it's

11   conspiracy, the answer remains "No" to the question they have

12   asked, and it might even be misleading to suggest that

13   depending on the count or the part of the Indictment they're

14   referring to, the answer might somehow change.

15        So, we believe the most appropriate response, since

16   regardless of what they're referring to by the number 4 -- it

17   doesn't change things -- is to give them the legally correct

18   answer under either option.  It's "No."

19        MR. CARIDAD:  Judge, it's probably either the aiding

20   and abetting or the conspiracy, but either way, I don't think

21   the appropriate answer is just a "No."

22        THE COURT:  Is it incorrect as to either one?

23        MR. CARIDAD:  I'm sorry?

24        THE COURT:  Would it be an incorrect answer, depending

25   on what they say?

October 29, 2008

1          MR. CARIDAD:  Well, the Court would never have

2   instructed them initially that way.  The Court would give the

3   entire aiding and abetting instruction or the entire conspiracy

4   instruction.

5          The answer, simply "No," is not sufficient because the

6   jury instructions are crafted in a way it that, yes, it gives

7   the answer, but it also explains what has to be proven to be

8   guilty of aiding and abetting and of conspiracy.

9          So, we wouldn't just say "No" when we instruct them

10  initially.  Why would we say "No" now?

11          I think the first thing is what are they talking

12  about, and once we know that, either refer them to the aiding

13  and abetting instruction or refer them to the conspiracy

14  instruction.

15          That's our position.

16          MS. ROCHLIN:  Your Honor, the fact the Court answers a

17  specific question asked by the jury does not eliminate the

18  instructions the Court has already given them.  The jury is

19  aware of the instructions they have and they're presumed to

20  follow those instructions.  They've asked a discrete question.

21  In this case, it's one that can be answered with a single word.

22  It's legally correct, regardless of how one interprets the

23  reference in the question.  The answer should be "No."

24          If it gives the Court greater comfort, then we would

25  suggest that the Court could answer "No, and I refer you to

```
 1   pages 5 and 6 of the jury instructions and page 9 of the jury
 2   instructions."
 3           That would cover appropriate language from the
 4   conspiracy instruction, as well as the aiding and abetting
 5   instruction.
 6           THE COURT:  I'm sharing with you a written response I
 7   have prepared.  Please advise if there's any objection.
 8           MR. CARIDAD:  That's fine, Judge.
 9           THE COURT:  Any objection?
10           MS. ROCHLIN:  None from the United States, Your Honor.
11           THE COURT:  All right.
12           MR. CARIDAD:  Judge, I'm sorry.  I missed part of
13   this.  If I could just have one second.
14           The only objection, Your Honor, is what I stated
15   before.  I don't think the Court should answer "No."
16   Everything else is fine with us.
17           THE COURT:  All right.
18           MS. ROCHLIN:  Your Honor, I apologize.
19           THE COURT:  That's all right.
20           MS. ROCHLIN:  With respect to the conspiracy portion
21   of the instruction, it should actually be pages 4 and 5.
22           THE COURT:  Thank you.
23           So the answer will read as you have it with the
24   correction of pages 4 and 5, instead of 5 and 6.
25           MS. ROCHLIN:  Thank you, Your Honor.
```

October 29, 2008

 1            MR. CARIDAD:  Thank you.

 2            MR. CARIDAD:  Are we excused, Your Honor?

 3            THE COURT:  You are.

 4            THE DEPUTY CLERK:  There's another question.

 5            THE COURT:  All right.  You're not excused.

 6            MS. HECK-MILLER:   Your Honor, the question that the

 7   jury has asked is the sort of question that is properly

 8   addressed by the type of unanimity instruction we do find

 9   elsewhere in pattern jury instructions with regard to other

10   provisions and that is the point that if an offense can be

11   committed in multiple ways, it is not necessary when the count

12   charges more than one of those multiple ways that the jury find

13   all of those multiple ways.  However, in that circumstance,

14   they should be instructed that they must be unanimous as to at

15   least one of those multiple ways.

16            And the closest analog, it's in the context of the

17   conspiracy count, but it is offense instruction 13.2 of the

18   pattern's multiple objects of a conspiracy.  I realize we're

19   not talking about multiple objects of a conspiracy, but it's

20   the same principle.

21            The instruction reads:

22            "In this instance, with regard to the alleged

23       conspiracy, the Indictment charges that the defendants

24       conspired to rob a federally insured bank and to transport

25       a stolen motor vehicle in interstate commerce.  It is

October 29, 2008

1    charged, in other words, that they conspired to commit two

2    separate substantive crimes or offenses.  In such a case,

3    it is not necessary for the Government to prove that the

4    defendant under consideration willfully conspired to

5    commit both of those substantive offenses.  It would be

6    sufficient if the Government proves beyond a reasonable

7    doubt that the defendant willfully conspired with someone

8    to commit one of those offenses.  But in that event, in

9    order to return a verdict of guilty, you must unanimously

10   agree upon which of the two offenses the defendant

11   conspired to commit."

12       And I believe that the case law supports using that

13   type of instruction in other circumstances than goals of a

14   conspiracy.

15       I do have some cases in that regard, if the Court

16   wanted the citations, but I think it's a fairly

17   garden-variety-type of unanimity instruction that should be

18   given.

19       THE COURT:  Thank you.

20       I'll hear from the defense.

21       MR. CARIDAD:  Judge, I'm not sure what they mean by

22   "parts of the accusations."  It could be, as the Government is

23   saying, part of the accusation may be one particular act -- I'm

24   not certain of that -- but I think what the Court should do in

25   this situation is remind them, especially in light of this

1   language, "reasonably occurred," which is not found in any

2   instruction the Court has given, that the Government must prove

3   every element of each of these counts beyond a reasonable doubt

4   and refer back to the elements of the offense.

5          That's what I think is a safe and proper thing to do

6   now.

7          MS. HECK-MILLER:  Your Honor --

8          THE COURT:  I think the question is directed, if I

9   understand it correctly, in taking, for example, just Count

10  III, it is alleged in Count III that the defendant, while

11  acting under color of law, committed and caused and aided and

12  abetted others to commit acts against victim 1, that is, colon,

13  and then here we have the accusations, by severely and

14  repeatedly beating victim 1, including by striking him

15  repeatedly by firearms and other objects, semicolon, and every

16  semicolon separates out the different accusations, and at the

17  end of that list of accusations appears the word "and," not

18  "and/or" in the disjunctive.

19         So, the question is do all parts of the accusations

20  need to have reasonably occurred, and I understand your

21  objection with the jury with the lay person's use of

22  "reasonably occurred" because that's not the standard, or do

23  only parts of the accusation need to have taken place.

24         In other words, "Of this list of accusations, if we

25  agree that only one of those occurred and we agree upon that

1  unanimously, will that suffice, or do we have to be unanimous

2  in our agreement that all of the acts alleged, because the last

3  word that appears to join them is "and," occurred?"

4          MR. CARIDAD:  Judge, the thing is they have charged

5  physical pain and suffering.  Now, suffering implies something

6  longer than physical pain, of a greater duration.  The way the

7  Government has charged it, they have strung all of these things

8  together to try to prove both physical pain and suffering.  If

9  suffering is of a longer duration, I think for my client to be

10  found guilty of this count, I think the jury has to find that

11  all of these were committed beyond a reasonable doubt to comply

12  with the allegation of suffering.

13          MS. HECK-MILLER:  Your Honor, I believe this is the

14  point on which the case law is explicit, that counsel is

15  incorrect, and the cases do find that the law is -- what I'm

16  reading from, Your Honor, is United States versus Griffin, 705

17  F.2d 434, 11th Circuit, 1983.  I do have extra copies here.

18          And it says --

19          THE COURT:  434, you said.

20          MS. HECK-MILLER:  434, and the actual quotation is on

21  436.

22          "Griffin mentions in his statement of the issues that

23      the Trial Court erred in allowing the Government to charge

24      in the conjunctive and prove in the disjunctive.  The law

25      is well established, however, that where an Indictment

October 29, 2008

1    charges several means of violation of the statute in the

2    conjunctive, proof of only one of the means is sufficient

3    to convict."

4        Another case for a similar proposition is United

5    States versus Davis, 730 F.2d 669, and that is the

6    significance, Your Honor, of the type of unanimity instruction

7    which I alluded to earlier in the pattern instructions.

8        Counsel is correct that all the elements have to be

9    proved, but the actual means by which the offense may be

10   committed is properly charged in the conjunctive, as we have

11   here using the word "and," and then proved in the disjunctive

12   with that unanimity instruction.

13       THE COURT:  Let me provide you with my draft response

14   and get your feedback.

15       MR. CARIDAD:  Judge, my objection is on the record.

16   We're just talking about this formulation now.

17       THE COURT:  Correct.

18       MR. CARIDAD:  And the other thing I would ask to have

19   is, it says:  "However, you must be unanimous in finding the

20   Government proved at least one of the accusations beyond a

21   reasonable doubt."

22       I think they should be reminded that we're talking

23   about torture.  For example, in Count III, if they find that he

24   beat somebody, it's not just a beating.  It has to amount to

25   torture.  I want that to be made clear.

October 29, 2008

1          MS. ROCHLIN:  Your Honor, we would object to

2     Mr. Caridad's suggestion.  First of all, the question addresses

3     Counts III through VIII.  Count VIII is the firearm count, and

4     like the torture count, the firearm count also provides

5     multiple ways to find facts beyond a reasonable doubt

6     supporting the offense, whether a firearm was possessed,

7     whether a firearm was carried or some of the alternatives

8     within that count.

9          The Government submits that a specific reference

10    torture is unnecessary and probably inappropriate, given the

11    formulation of the question.

12         THE COURT:  Why not add "With respect to Counts III

13    through VII, if you do reach unanimous agreement on one of the

14    ways or accusations, the rest of what is charged within the

15    count must also be shown beyond a reasonable doubt"?  Under

16    color of law, with the intent to inflict severe pain and

17    suffering, and so forth.  In other words, it's not sufficient

18    to convict if they find that one of these accusations occurred,

19    and I understand your point, Mr. Caridad, though that may be

20    what they're left with the impression of if I answer it this

21    way.

22         MS. HECK-MILLER:  Your Honor, I think that a way of

23    addressing Mr. Caridad's concern that would not have to

24    distinguish between torture and the firearms count is simply to

25    add that "As to whichever of the means you unanimously find,

1  you must find that all of the elements are proved beyond a

2  reasonable doubt."

3          THE COURT:  That would satisfy my concern, which I

4  share with Mr. Caridad, that my response may be somewhat

5  misleading.

6          MS. HECK-MILLER:  Yes, and that would address our

7  concern about not pulling out "torture" versus "firearms."

8          THE COURT:  All right.

9          MR. CARIDAD:  That's fine, Judge.

10          THE COURT:  I made a change.  I had used the

11  terminology of "means" in the last statement, a term that I had

12  not used before, and to remain consistent, I just changed that.

13          MR. CARIDAD:  I'm sorry, Your Honor.  What was the

14  change?

15          THE COURT:  The last statement.  Instead of saying

16  "whatever means you unanimously find," I changed it to

17  "whatever way" -- parentheses -- "or accusation," to keep it

18  consistent with the earlier instructions and not inject in a

19  new term.

20          MR. CARIDAD:  Very well, Your Honor.  Thank you.

21          THE COURT:  Any objection, other than the ones

22  previously stated?

23          MR. CARIDAD:  No.

24          THE COURT:  From the Government?

25          MS. ROCHLIN:  Judge, I'm going to make one suggestion.

1  It's not that we really have an issue with the approach the

2  Court has taken.  It just strikes me that in the question when

3  the jury refers to accusations that reasonably occurred, I

4  strongly suspect that since jurors don't necessarily write with

5  the precision of lawyers, this may be a vernacular or shorthand

6  way for them of referencing reasonable doubt.

7          In this instruction you refer to the standard beyond a

8  reasonable doubt.  Twice it's already in their instructions and

9  my suggestion would be simply to delete the sentence, "It is

10 not sufficient to reach unanimous agreement that one of the

11 ways or accusations reasonably occurred," especially in light

12 of the following sentence, which, again, references the

13 sentence of beyond a reasonable doubt.

14         I think they're going to get it and to the extent that

15 your answer seems, from their perspective, less critical of the

16 language they have chosen, I think it may be more easily

17 absorbed by the people on the jury.

18         THE COURT:  Mr. Caridad?

19         MR. CARIDAD:  I just we should leave it just the way

20 it is.  We need to make sure that they understand what the

21 burden is.  This "reasonably occurred" language is troubling to

22 me and I think the Court needs to correct it as it's doing in

23 this instruction.

24         THE COURT:  I'm more comfortable leaving the language

25 in because I think they can decide that the Government has

1  proved one of the accusations reasonably occurred beyond a

2  reasonable doubt and they can combine the two and that would be

3  improper because the burden is not to prove something beyond a

4  reasonable doubt reasonably occurred, but, in fact, occurred.

5           So, I share the concern of the defense.  I just think

6  it's, obviously, a layperson's use of language and I want to be

7  clear.  I have used "beyond a reasonable doubt" twice.  I don't

8  think the tone of my response is critical of their use of the

9  words.  I just want to bring that point home.

10          MS. ROCHLIN:  Understood, Your Honor.

11          [There was a short recess at 3:33 p.m.]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

October 29, 2008

1          C E R T I F I C A T E

2          I hereby certify that the foregoing is an accurate

3    transcription of proceedings in the above-entitled matter.

4

5    __06/08/09_____          _____
          DATE                     BARBARA MEDINA
6                                  Official United States Court Reporter
                                   400 North Miami Avenue, Suite 12-2
7                                  Miami, FL  33128 - 305.523.5518
                                            (Fax) 305.523.5519
8                                  Email:  barbmedina@aol.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Quality Assurance by Proximity Linguibase Technologies
October 29, 2008

**A**

abetted 11:12
abetting 6:3,10,20 7:3,8,13 8:4
above-entitled 18:3
absorbed 16:17
ACCESS 1:25
accurate 18:2
accusation 10:23 11:23 15:17
accusations 10:22 11:13,16,17
   11:19,24 13:20 14:14,18 16:3
   16:11 17:1
act 10:23
acting 11:11
acts 11:12 12:2
actual 12:20 13:9
add 14:12,25
address 3:5 15:6
addressed 9:8
addresses 14:2
addressing 14:23
ADMINISTRATIVE 3:3
advise 8:7
Agent 4:7
agree 10:10 11:25,25
agreed 4:6
agreement 12:2 14:13 16:10
aided 11:11
aiding 6:2,10,19 7:3,8,12 8:4
allegation 12:12
alleged 9:22 11:10 12:2
allowing 12:23
alluded 13:7
alternatives 14:7
ALTONAGA 1:13
AMERICA 1:4
amount 13:24
analog 9:16
and/or 11:18
answer 4:13 6:8,11,14,18,21,24
   7:5,7,23,25 8:15,23 14:20
   16:15
answered 5:19 7:21
answers 7:16
apologize 8:18
APPEARANCES 1:16
appears 11:17 12:3
approach 16:1
appropriate 6:15,21 8:3
arrived 5:7
asked 6:12 7:17,20 9:7
Attorney 1:18,22
available 5:4
Avenue 1:23 2:9 18:6
aware 7:19
A.F.P.D 2:2,3
A.U.S.A 1:17,18
a/k/a 1:8

**B**

back 11:4
bank 9:24
BARBARA 2:8 18:5
barbmedina@aol.com 2:10
   18:8
beat 13:24
beating 11:14 13:24
BELFAST 1:8
believe 6:15 10:12 12:13
benefit 4:2
beyond 10:6 11:3 12:11 13:20
   14:5,15 15:1 16:7,13 17:1,3,7
bring 17:9
burden 16:21 17:3

**C**

C 18:1,1
Caridad 2:3 4:4,6,21 5:2,4,8,15
5:20 6:19,23 7:1 8:8,12 9:1,2
   10:21 12:4 13:15,18 14:19
   15:4,9,13,20,23 16:18,19
Caridad's 14:2,23
CAROLINE 1:18
caroline.miller@usdoj.gov 1:21
carried 14:7
case 1:3 7:21 10:2,12 12:14 13:4
cases 10:15 12:15
caused 11:11
CECILIA 1:13
certain 10:24
Certificate 2:14
certify 18:2
change 6:14,17 15:10,14
changed 15:12,16
charge 12:23
charged 10:1 12:4,7 13:10 14:14
charges 9:12,23 13:1
CHARLES 1:8,9,9
chevrons 3:7
chosen 16:16
CHRISTOPHER 1:22
christopher.graveline@usdoj.
   1:24
CHUCKIE 1:8
Circuit 12:17
circumstance 9:13
circumstances 10:13
CITATION 2:21
citations 10:16
city 5:8
clear 5:24 13:25 17:7
CLERK 9:4
client 12:9
closest 9:16
colloquy 6:7
colon 11:12
color 11:11 14:16
combine 17:2
comfort 7:24
comfortable 4:20 16:24
commerce 9:25
commit 10:1,5,8,11 11:12
committed 9:11 11:11 12:11
   13:10
comply 12:11
concern 4:9 14:23 15:3,7 17:5
concerned 4:17
concerns 5:23
conference 3:1,5
conjunctive 12:24 13:2,10
consideration 10:4
consistent 15:12,18
conspiracy 5:22,25 6:1,11,20
   7:3,8,13 8:4,20 9:17,18,19,23
   10:14
conspired 9:24 10:1,4,7,11
CONTENTS 2:12
context 9:16
CONVENTIONS 3:3
convict 13:3 14:18
copies 12:17
correct 6:17 7:22 13:8,17 16:22
correction 8:24
correctly 11:9
counsel 3:4 12:14 13:8
count 5:21,22,22,25 6:2,13 9:11
   9:17 11:9,10 12:10 13:23 14:3
   14:3,4,4,8,15,24
counts 11:3 14:3,12
Court 1:22 7:15 4:1,5,9,22,25
   5:3,6,10,12,17 6:22,24 7:1,2
   7:16,18,24,25 8:6,9,11,15,17
   8:19,22 9:3,5 10:15,19,24 11:2
   11:8 12:19,23 13:13,17 14:12
   15:3,8,10,15,21,24 16:2,18,22
   16:24 18:6

**D**

DATE 18:5
Davis 2:23 13:5
decide 16:25
defendant 1:11 2:1 10:4,7,10
   11:10
defendants 9:23
Defender's 2:3
defense 10:20 17:5
delete 16:9
Department 1:22
depending 6:13,24
DEPUTY 9:4
Description 2:19
Descriptions 3:2
different 11:16
directed 11:8
discrete 7:20
disjunctive 11:18 12:24 13:11
distinguish 14:24
DISTRICT 1:1,1,14
DIVISION 1:2
doing 4:12 16:22
doubt 10:7 11:3 12:11 13:21
   14:5,15 15:2 16:6,8,13 17:2,4
   17:7
draft 13:13
duration 12:6,9
D.C 1:23

**E**

E 18:1,1
earlier 13:7 15:18
easily 16:16
either 6:18,19,20,22 7:12
element 11:3
elements 11:4 13:8 15:1
eliminate 7:17
Email 1:20 2:5,10 18:8
EMMANUEL 1:9
engage 6:7
Enjoy 5:10
entire 7:3,3
erred 12:23
especially 6:8 10:25 16:11
established 12:25
event 10:8
Evidence 2:18
example 11:9 13:23
excused 9:2,5
Exhibits 2:16,17
explains 7:7
explicit 12:14
extent 16:14
extra 12:17

**F**

F 18:1
fact 7:16 17:4
facts 14:5
fairly 10:16
Fax 1:20 2:5,10 18:7
Federal 2:3
federally 9:24
feedback 13:14
find 9:8,12 12:10,15 13:23 14:5
   14:18,25 15:1,16
finding 13:19
fine 4:21,24 5:10 8:8,16 15:9
firearm 14:3,4,6,7
firearms 11:15 14:24 15:7

first 5:20 6:4 7:11 14:2
FL 1:19 2:4,9 18:7
Flagler 2:4
FLORIDA 1:1,6
follow 7:20
following 16:12
foregoing 18:2
form 4:15
formulation 13:16 14:11
forth 14:17
found 11:1 12:10
F.2d 12:17 13:5

**G**

garden-variety-type 10:17
getting 4:10,17
give 4:6,10 6:17 7:2
given 7:18 10:18 11:2 14:10
gives 7:6,24
giving 4:14
goals 10:13
going 4:10,17 5:8 15:25 16:14
Government 1:17 10:3,6,22 11:2
   12:7,23 13:20 14:9 15:24
   16:25
Government's 5:18
Graveline 1:22 4:13,23
greater 7:24 12:6
Griffin 2:24 12:16,22
guilty 7:8 10:9 12:10

**H**

hear 4:5 5:17 10:20
HECK-MILLER 1:18 9:6 11:7
   12:13,20 14:22 15:6
home 17:9
Honor 4:20,23 5:1,15,16,18 6:6
   7:16 8:10,14,18,25 9:2,6 11:7
   12:13,16 13:6 14:1,22 15:13
   15:20 17:10

**I**

identification 2:18 3:6
identify 3:4 4:22
III 1:10 11:10,10 13:23 14:3,12
implies 12:5
impression 14:20
improper 17:3
inappropriate 14:10
including 11:14
incorrect 6:22,24 12:15
INDEX 2:16,21 3:1
indicated 3:6
Indictment 5:21,25 6:5,13 9:23
   12:25
industry-standard 3:6
inflict 14:16
initially 7:2,10
inject 15:18
instance 9:22
instruct 7:9
instructed 7:2 9:14
instruction 7:3,4,13,14 8:4,5,21
   9:8,17,21 10:13,17 11:2 13:6
   13:12 16:7,23
instructions 6:1,3 7:6,18,19,20
   8:1,2 9:9 13:7 15:18 16:8
insured 9:24
intent 14:16
interprets 7:22
interstate 9:25
issue 16:1
issues 12:22
IV 5:21,22 6:2
i.e 3:7

**J**

**JOHN** 2:2
john_wylie@fd.org 2:6
**join** 12:3
**JR** 1:8,9
**Judge** 1:14 4:6,21 5:2,4 6:19 8:8
  8:12 10:21 12:4 13:15 15:9,25
**jurors** 16:4
**jury** 4:10 6:7 7:6,17,18 8:1,1 9:7
  9:9,12 11:21 12:10 16:3,17
**jury's** 4:2 5:13
**Justice** 1:22

**K**

**KAREN** 1:17
karen.rochlin@usdoj.gov 1:20
**keep** 15:17
**know** 5:20 6:4 7:12

**L**

**language** 8:3 11:1 16:16,21,24
  17:6
**law** 10:12 11:11 12:14,15,24
  14:16
**lawyers** 16:5
**lay** 11:21
**layperson's** 17:6
**leave** 16:19
**leaving** 16:24
**left** 14:20
**legal** 6:8
**legally** 6:17 7:22
**light** 10:25 16:11
**Line** 2:19,19
**list** 11:17,24
**listed** 5:22
**longer** 12:6,9
**look** 4:15
**lunch** 5:5,6,10

**M**

**M** 1:8,13
**Marked** 2:17
**matter** 18:3
**McARTHUR** 1:9
**mean** 5:20,21,25 6:4 10:21
**means** 13:1,2,9 14:25 15:11,16
**MEDINA** 2:8 18:5
**mentions** 12:22
**Miami** 1:2,6,19 2:4,9,9 18:6,7
**MIGUEL** 2:3
miguel_caridad@fd.org 2:5
**misleading** 6:12 15:5
**missed** 8:12
**moment** 4:14
**motor** 9:25
**multiple** 9:11,12,13,15,18,19
  14:5

**N**

**name** 4:8
**Naples** 4:7
**necessarily** 16:4
**necessary** 9:11 10:3
**need** 5:20 11:20,23 16:20
**needs** 16:22
**never** 7:1
**new** 15:19
**North** 2:9 18:6
**number** 4:8 6:5,16
**N.E** 1:19
**N.W** 1:23

**O**

**object** 14:1
**objection** 4:19,25 8:7,9,14 11:21
  13:15 15:21
**objects** 9:18,19 11:15

**obviously** 17:6
**occurred** 11:1,20,22,25 12:3
  14:18 16:3,11,21 17:1,4,4
**October** 1:7 4:8
**offense** 9:10,17 11:4 13:9 14:6
**offenses** 10:2,5,8,10
**Office** 1:18 2:3
**Official** 2:8 18:6
**once** 7:12
**ones** 15:21
**opportunity** 5:13
**option** 6:18
**order** 10:9

**P**

**page** 2:13,19,19,22 3:2 4:7 8:1
**pages** 4:11 8:1,21,24
**pain** 12:5,6,8 14:16
**parentheses** 15:17
**part** 6:13 8:12 10:23
**particular** 10:23
**parties** 4:5
**parts** 4:18 10:22 11:19,23
**pattern** 9:9 13:7
**pattern's** 9:18
**Pennsylvania** 1:23
**people** 16:17
**person's** 11:21
**perspective** 16:15
**physical** 12:5,6,8
**place** 11:23
**Plaintiff** 1:5
**Please** 4:1 5:12 8:7
**point** 9:10 12:14 14:19 17:9
**portion** 8:20
**position** 5:17,18 7:15
**possessed** 14:6
**precision** 16:5
**prepared** 8:7
**presumed** 7:19
**previously** 15:22
**principle** 9:20
**probably** 6:19 14:10
**proceedings** 1:13 18:3
**proof** 13:2
**proper** 11:5
**properly** 9:7 13:10
**propose** 4:12
**proposition** 13:4
**prove** 10:3 11:2 12:8,24 17:3
**proved** 13:9,11,20 15:1 17:1
**proven** 7:7
**proves** 10:6
**provide** 13:13
**provides** 14:4
**provisions** 9:10
**Public** 2:3
**pulling** 15:7
**p.m** 5:11 17:11

**Q**

**question** 4:3,13 5:14,19 6:7,9,11
  7:17,20,23 9:4,6,7 11:8,19
  14:2,11 16:2
**question/answer** 4:24
**quotation** 12:20

**R**

**R** 18:1
**reach** 14:13 16:10
**read** 5:13 8:23
**reading** 12:16
**reads** 9:2
**realize** 9:18
**really** 16:1
**REALTIME** 1:25
**reasonable** 10:6 11:3 12:11

  13:21 14:5,15 15:2 16:6,8,13
  17:2,4,7
**reasonably** 11:1,20,22 16:3,11
  16:21 17:1,4
**Received** 2:7
**recess** 5:11 17:11
**record** 13:15
**refer** 6:1,2 7:12,13,25 11:4 16:7
**reference** 7:23 14:9
**references** 16:12
**referencing** 16:6
**referring** 6:14,16
**refers** 16:3
**regard** 9:9,22 10:15
**regarded** 6:8,16 7:22
**remain** 15:12
**remains** 6:9,11
**remind** 10:25
**reminded** 13:22
**repeatedly** 11:14,15
**REPORTED** 2:7
**Reporter** 2:8 18:6
**Reporter's** 2:14
**requests** 4:11,17
**respect** 8:20 14:12
**response** 6:15 8:6 13:13 15:4
  17:8
**rest** 14:14
**return** 10:9
**reviewing** 4:2
**right** 4:15 5:3 8:11,17,19 9:5
  15:8
**rob** 9:24
**ROCHLIN** 1:17 4:19 5:1,16,18
  6:6 7:16 8:10,18,20,25 14:1
  15:25 17:10
**ROY** 1:8

**S**

**safe** 11:5
**satisfy** 15:3
**saying** 10:23 15:15
**says** 4:13 12:18 13:19
**seated** 4:1 5:12
**second** 5:14 8:13
**semicolon** 11:15,16
**sentence** 16:9,12,13
**separate** 10:2
**separates** 11:16
**severe** 14:16
**severely** 11:13
**share** 15:4 17:5
**sharing** 8:6
**short** 5:11 17:11
**shorthand** 16:5
**shown** 14:15
**SIDEBAR** 3:1
**significance** 13:6
**similar** 13:4
**simply** 5:19 7:5 14:24 16:9
**single** 7:21
**situation** 10:25
**solution** 4:20 6:9
**somebody** 13:24
**somewhat** 15:4
**sorry** 6:23 8:12 15:13
**sort** 9:7
**SOUTHERN** 1:1
**speaker** 3:6 4:22
**specific** 7:17 14:9
**standard** 11:22 16:7
**start** 4:10,17
**stated** 8:14 15:22
**statement** 12:22 15:11,15
**States** 1:1,4,14 2:8,23,24 4:19
  8:10 12:16 13:5 18:6
**statute** 13:1

**Ste** 2:9
**stolen** 9:25
**Street** 1:19 2:4
**strikes** 16:2
**striking** 11:14
**strongly** 16:4
**strung** 12:7
**submits** 14:9
**substantive** 10:2,5
**suffering** 12:5,5,8,9,12 14:17
**suffice** 12:1
**sufficient** 7:5 10:6 13:2 14:17
  16:10
**suggest** 6:12 7:25
**suggestion** 4:9 14:2 15:25 16:9
**Suite** 18:6
**supporting** 14:6
**supports** 10:12
**sure** 10:21 16:20
**suspect** 16:4

**T**

**T** 18:1,1
**TABLE** 2:12
**taken** 11:23 16:2
**talking** 7:11 9:19 13:16,22
**TAYLOR** 1:8,9,10
**telephone** 3:5
**term** 15:11,19
**terminology** 15:11
**testified** 4:7
**Thank** 8:22,25 9:1 10:19 15:20
**thing** 7:11 11:5 12:4 13:18
**things** 6:17 12:7
**think** 4:6,23 5:6,10,24 6:4,6,20
  7:11 8:15 10:16,24 11:5,8 12:9
  12:10 13:22 14:22 16:14,16,22
  16:25 17:5,8
**time** 3:4
**tone** 17:8
**torture** 13:23,25 14:4,10,24 15:7
**TOTAL** 1:25
**transcript** 1:13 4:7
**transcription** 1:25 18:3
**transcripts** 4:11
**transport** 9:24
**trial** 1:13,22 4:18 12:23
**troubling** 16:21
**try** 12:8
**Turay** 5:23
**twice** 16:8 17:7
**two** 10:1,10 17:2
**type** 9:8 10:13 13:6
**typed** 4:15
**typing** 4:14

**U**

**unanimity** 9:8 10:17 13:6,12
**unanimous** 9:14 12:1 13:19
  14:13 16:10
**unanimously** 10:9 12:1 14:25
  15:16
**understand** 11:9,20 14:19 16:20
**Understood** 17:10
**United** 1:1,4,14 2:8,23,24 4:19
  8:10 12:16 13:4 18:6
**unnecessary** 14:10
**unwise** 6:6
**use** 11:21 17:6,8
**U.S** 1:18,22

**V**

**vehicle** 9:25
**verbatim** 4:12
**verdict** 10:9
**vernacular** 16:5
**versus** 2:23,24 12:16 13:5 15:7



**victim** 4:8 5:21,22 11:12,14
**VII** 14:13
**VIII** 14:3,3
**violation** 13:1
**vs** 1:7

---
**W**
---

**want** 5:4 13:25 17:6,9
**wanted** 10:16
**Washington** 1:23
**way** 6:20 7:2,6 12:6 14:21,22
    15:17 16:6,19
**ways** 9:11,12,13,15 14:5,14
    16:11
**West** 2:4
**we're** 4:10,17,20 9:18 13:16,22
**whichever** 14:25
**willfully** 10:4,7
**word** 5:19 7:21 11:17 12:3 13:11
**words** 10:1 11:24 14:17 17:9
**wouldn't** 7:9
**write** 16:4
**written** 8:6
**WYLIE** 2:2

---
**0**
---

**06-20758-CR-ALTONAGA** 1:3

---
**1**
---

**1** 11:12,14
**1:00** 5:9
**11th** 12:17
**12** 2:24
**12-2** 2:9 18:6
**12:44** 5:11
**13** 2:23
**13.2** 9:17
**150** 2:4
**16th** 4:8
**18** 2:14
**1983** 12:17

---
**2**
---

**2:00** 5:9
**2008** 1:7
**202.514.3270** 1:23
**20530** 1:23
**29** 1:7

---
**3**
---

**3:33** 17:11
**305.523.5518** 2:9 18:7
**305.523.5519** 2:10 18:7
**305.536.4675** 1:20
**305.961.9234** 1:19
**305/530-7120** 2:5
**305/536-6900** 2:4
**33128** 2:9 18:7
**33130** 2:4
**33132** 1:19

---
**4**
---

**4** 5:21,21,22,25 6:5,16 8:21,24
**4th** 1:19
**400** 2:9 18:6
**434** 12:17,19,20
**436** 12:21

---
**5**
---

**5** 8:1,21,24,24

---
**6**
---

**6** 8:1,24
**669** 13:5

---
**7**
---

**705** 12:16
**730** 13:5

---
**9**
---

**9** 8:1
**950** 1:23
**97** 4:8
**99** 1:19