```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2                          MIAMI DIVISION

 3                    Case 06-20758-CR-ALTONAGA

 4   THE UNITED STATES OF AMERICA,

 5             Plaintiff,

 6                                    MIAMI, FLORIDA

             vs.

 7                                    NOVEMBER 13, 2007
     ROY M. BELFAST, JR., a/k/a
 8   CHUCKIE TAYLOR, CHARLES
     McARTHUR EMMANUEL, CHARLES
 9   TAYLOR, JR. and CHARLES
     TAYLOR, III,

10
             Defendant.
11   _____

12                 TRANSCRIPT OF MOTION PROCEEDINGS
                   BEFORE THE CECILIA M. ALTONAGA,
13                 UNITED STATES DISTRICT JUDGE

14   APPEARANCES:
     FOR THE GOVERNMENT:
15                               KAREN ROCHLIN, A.U.S.A.
                                 Office of the U.S. Attorney
16                               99 N.E. 4th Street
                                 Miami, FL  33132 - 305.961.9234
17                               (Fax) 305.536.4675
                                 Email: karen.rochlin@usdoj.gov
18   FOR THE DEFENDANT:
                                 MIGUEL CARIDAD, A.F.P.D.
19                               Federal Public Defender's Office
                                 150 West Flagler Street
20                               Miami, FL  33130 - 305/536-6900
                                         (Fax) 305/530-7120
21                               Email: miguel_caridad@fd.org
     REPORTED BY:
22
                                 BARBARA MEDINA
23                               Official United States Court Reporter
                                 Federal Courthouse Square, Ste. 404
24                               301 North Miami Avenue
                                 Miami, FL  33128-7792    305.523.5518
25                                       (Fax) 305.523.5519
```

2

1                            TABLE OF CONTENTS

2                                                              Page

3   Reporter's Certificate .................................. 15

4

5                            INDEX TO EXHIBITS

6   Exhibits                         Marked for        Received
                                     Identification    in Evidence
7
    Description                      Page    Line    Page    Line
8

9

10                            CITATION INDEX

11                                                             Page

12

13                      SIDE-BAR CONFERENCE INDEX

14  Descriptions                                               Page

15

16

17

18

19

20

21

22

23

24

25

3

1          MR. CARIDAD:  Good morning, Your Honor.

2          THE COURT:  Good morning.

3          THE DEFENDANT:  [Entered the courtroom at 9:02 a.m.]

4          THE COURT:  In the matter of the United States versus

5   Emmanuel, could I have counsel state your names for the record?

6          MS. ROCHLIN:  Good morning, Your Honor.  Karen

7   Rochlin, on behalf of the United States.

8          MR. CARIDAD:  Good morning, Your Honor.  Miguel

9   Caridad, on behalf of the defendant.

10          THE COURT:  I think the first order of business is to

11   arraign the defendant on the Second Superseding Indictment.

12          Do you have that Indictment available for

13   Mr. Emmanuel?

14          MR. CARIDAD:  Yes.

15          THE COURT:  Would you like me to read out each charge

16   or would you like to enter a plea at this time?

17          MR. CARIDAD:  We waive reading, enter a plea of not

18   guilty and request standing discovery.

19          THE COURT:  The next order of business is the

20   defendant's request for continuance in light of the second

21   Superseding Indictment and the additional issues encountered in

22   traveling to Liberia.

23          I understand the Government agrees to a continuance of

24   about a month or so and the defendant would like six months.

25   So, that's the dispute.

1      MR. CARIDAD:  Your Honor, I filed a reply.

2      THE COURT:  I got it.  Thank you.

3      MR. CARIDAD:  Did you get it, Karen?

4      MS. ROCHLIN:   (Nodded.)

5      MR. CARIDAD:  Judge, I filed my motion to continue

6  before the Second Superseding Indictment came down, and it is

7  different, as I said, in one important respect.  In my mind,

8  this is now a life maximum case as to the only torture count

9  that does carry a life maximum and the death of this gentleman

10  described in a completely different way.

11      I have to now focus on Mr. Abdul --

12      MS. ROCHLIN:  Objection, Your Honor.  We would request

13  that the name of the individual --

14      MR. CARIDAD:  I'm sorry.  I agreed not to mention the

15  names of the victims in open court.  I apologize.  Victim

16  number 4.

17      We must focus on the way it happened to him and the

18  way it happened to him because the Government has alleged under

19  the statute that the torture resulted in death.  Now, that

20  makes it a whole new ballgame from my point of view.

21      I have tried to be as general as I could and give the

22  Court broad outlines of what I need.  I can be more specific,

23  but there's a just a lot that I need to do, given the fact this

24  is such a fact specific case.  Every allegation the Government

25  makes, I have to try to rebut, either through impeachment

1  evidence or direct testimonial evidence that will contradict

2  what the Government says.

3          That's a very difficult thing to do from Miami.  I'll

4  answer any of the Court's questions.

5          I have thought about this for a while as to how much

6  time I think I can accomplish this in, and we're ready to go to

7  work.  We're ready to do all that we can to represent

8  Mr. Emmanuel, but we really cannot be ready by January 22nd,

9  Your Honor.

10          THE COURT:  Thank you.

11          I'll hear from the Government.

12          MS. ROCHLIN:  Your Honor, being here by myself this

13  morning, I'm feeling a little emboldened.  It's not often that

14  I will quote from sources like the movie Borat, but if you ask

15  the Government's position or whether the Government agrees with

16  the defense request for a continuance, our position is really

17      "Not so much."

18          To the United States, this is not a whole new

19  ballgame.  I would point out that it has been the Government's

20  position with respect to the first Superseding Indictment from

21  the outset that Count I carried a life penalty.  It was stated

22  on the penalty sheets.  I have a copy of the earlier

23  Superseding Indictment if the Court would care to review that.

24          What we've done with the most recent Superseding

25  Indictment --

1        MR. WYLIE:  [Entered the courtroom at 9:07 a.m.]

2        MS. ROCHLIN:  -- is largely some technical fixes,

3   correcting some typographical errors, and adding some

4   additional detail to the allegations regarding victim number 4.

5        We haven't changed any of the substantive counts.  We

6   haven't changed the other conspiracy counts.  The vast majority

7   of the Indictment, really 95 percent or more, remains

8   unchanged.

9        From the Government's perspective, a lot has already

10  been accomplished in this case and, as we stated in our

11  response, much of that, from our perspective, appears to cut

12  across the board and apply to any version of the Indictment

13  with respect to things like constitutional challenges or many

14  of the legal issues that have already been resolved.

15       In arriving at our position, we are mindful of the

16  Court's initial reaction to the Superseding Indictment, the

17  First Superseding Indictment, that it did not warrant further

18  continuance.

19       We are equally mindful of the fact that the First

20  Superseding Indictment did significantly broaden the scope of

21  this case.

22       We don't want to be unreasonable.  We have not

23  objected in the past to continuances which the defense has

24  requested, but there are costs and burdens associated with

25  letting this case remain untried and unresolved.

1          It is difficult for those witnesses and victims who

2  are living their lives subject to certain security precautions.

3  It is difficult mentally and emotionally for all of those

4  witnesses and victims who aren't really looking forward to

5  coming to court and testifying and would like to get this

6  behind them.

7          It is contrary, in some respects, to the public

8  interest in a speedy trial and while I don't believe that the

9  level of publicity in this case has been all that great, there

10  is undeniably some level of public interest in that matter that

11  appears to weigh in favor of resolution, and the Government

12  does not want to be unreasonable.  The Government does not want

13  to prevent the defense from completing a thorough and

14  professional investigation, but we're not seeing what it is

15  that would warrant a continuance as long as six months, given

16  at least one person's reaction, one very important person's

17  reaction, the Court, to the need for a continuance based on the

18  First Superseding Indictment and everything else that we see in

19  this case.

20          So, as a result of our own efforts to try and achieve

21  a reasonable solution to what the defense is requesting, while

22  we think six months would be problematic, a lesser amount of

23  time is something that we can certainly try to accommodate, and

24  I would also emphasize to the Court that the Government has

25  continued to make efforts to make disclosures to the defense.

1  That is one of the reasons for adding additional detail to the

2  allegations in what I believe is now paragraph 8 of the Second

3  Superseding Indictment relating to victim number 4.

4        The Government has previously summarized some fairly

5  extensive and detailed disclosures it has made to the defense.

6  I don't know if the Court fully appreciates some of that

7  detail, and I don't want to drag on for too long, but I could

8  quote from a letter we supplied to defense counsel on September

9  17th that literally goes step by step through the different

10  events that are charged in the Indictment and provides all

11  kinds of specific detail and factual allegations.

12        We have provided names of certain witnesses beyond

13  what the Court has ordered us to disclose to defense counsel

14  and we would hope that the benefit of that for the Government,

15  in some sense, would be the ability to facilitate and expedite

16  the efforts needed to bring this matter to a conclusion.

17        So, we hope that the Court -- we know that the Court

18  will take all of these matters into account, and we ask the

19  Court to arrive at something less than six months' delay if the

20  Court does, in fact, find further delay is warranted.

21        THE COURT:  Thank you.

22        MR. CARIDAD:  May I address the Court, please?

23        THE COURT:  Certainly.

24        MR. CARIDAD:  Judge, my motion to continue had nothing

25  at all to do with the Second Superseding Indictment.  It was

1  filed before it.  But the Second Superseding Indictment is

2  different in an important, a very important way.

3           You have to allege specifically that the torture

4  resulted in death.  The First Superseding Indictment did not do

5  that.  It alleged a death of people, but that's not enough

6  under the statute to create a life maximum.

7           Now the Government believes it has, because it has

8  detailed this man's death in a different way than the first

9  Superseding Indictment and it has added details that it

10  believes are sufficient to now allege that death resulted from

11  the torture.  That now makes it a life penalty.

12          Judge, the Government has given us more details than

13  in a normal case and I think that's because I have been pushing

14  to get more details than in a normal case.  But if I am

15  successful and get more details than in a normal case, I have

16  to have time to do something with it.

17          If they give me the names of four witnesses who are

18  not named in the Indictment and they tell me those people are

19  going to testify, I have to find out who those people are and

20  try to determine where are they from, what motive, what bias

21  did they have in the case.

22          So, yes, they have given me more information, but I

23  have to do something with it.  They have also given me more

24  detail about what happened in '99.  That's fine.  But now I

25  have to do something about that.

1          A lot of the things that have happened are no longer

2   in Monrovia.  Believe me, I can show the Court a map of Liberia

3   and where we had to go on a pre-planned trip just to locate

4   witnesses.  It was not an easy trip, not a comfortable trip.

5   That's the least of it.  It takes time to have people in

6   Liberia who are helping us try to find other people.

7          For example, the base where all of this happened is no

8   where near Monrovia.  It's at least a few hours out of Monrovia

9   and there's a town nearby.

10          Then you take a road way north to get to this bridge.

11  You finally get there.  Then you have to keep going further

12  north, to a place we haven't even been to yet, a place called

13  Voinjama, where these people, these refugees, were fleeing

14  from, and these refugees weren't even from Liberia.  They're

15  from Sierra Leone.  They're from another country.

16          So, it's going and going.  We are not talking about

17  Monrovia.  We're not talking about Liberia now.  We're talking

18  about other countries that we have to go and investigate.  So,

19  we cannot do that in two additional months.  We believe we can

20  do it within six months.

21          It's just a very, very difficult thing to get done,

22  Your Honor.  We don't have control, we don't have complete

23  control over what other people are doing for us.  We tried to

24  get as good a control as we can, but a lot of this is being

25  done in another country for us.  That's why we need more time.

1        THE COURT:  Here is what I propose, understanding that

2  the trial will take anywhere from 30 days to 45, perhaps:  The

3  Government's estimate, I believe, is a month-long trial.

4        MS. ROCHLIN:  Yes, Your Honor.

5        THE COURT:  We can probably add to that, to be on the

6  safe side.

7        I am looking at April 7th, Monday.  That gives the

8  defense approximately five months to prepare, and I believe the

9  Government already indicated that all of the, much of the legal

10  work involved in pretrial motions has already taken place, and

11  what the defense team can devote the next five months to is

12  working exclusively on this case and having its investigators

13  and its lawyers doing nothing but investigating and preparing

14  its defense.

15        MR. CARIDAD:  Judge, you mentioned motions.  We would

16  like to file some additional motions, and we can do that very

17  quickly.

18        THE COURT:  I'm not foreclosing your ability to do

19  that.  I'm just indicating that you all can marshal additional

20  people from your office to file the motions while several of

21  you are working on the fact-intensive investigation and we can

22  proceed on April 7th.

23        If we don't proceed on April 7th, then we're probably

24  looking at not starting the trial until the end of the summer

25  because of summer schedules being the way they are, peoples'

1   vacation plans being what they are.

2          MR. CARIDAD:  Judge, the end of the summer is fine

3   with me.

4          THE COURT:  I know.

5          MR. CARIDAD:  I'm not big on holidays.  I like to take

6   them.  Everything is slower.  I'm not going to slow down, but

7   everything seems to go slower for the two months.  If the Court

8   could set it for the end of the summer --

9          THE COURT:  The problem is everything goes slower in

10  the end of the summer, too.

11         If I'm going to hold you to a date five months from

12  now, you have the next five months to prepare.  If I give you

13  10 months to prepare, you are going to do other things in

14  between because I've given you extra time.  I know how things

15  are.  You have other cases to work on.

16         MR. CARIDAD:  I don't, Judge.

17         THE COURT:  What we can do is look to April 7th and

18  you come back to me and say "Look, I'm working 'round the

19     clock," and I can consider an ex parte request

20     nowithstanding the Government's objection.  "Here are the

21     additional concrete things I need to do that I haven't been

22     able to do in the time you've given me."

23         If you come back to me with that request, then we're

24  looking at a trial date sometime near the end of August.

25         But I think if I give you until the end of August --

 1      MR. CARIDAD:  I'm not --

 2      THE COURT:  We haven't really explored whether we can

 3 take the case to trial safely at an earlier date and have all

 4 the work accomplished that you would like.

 5      MR. CARIDAD:  Just so the Court understands, this is a

 6 work in progress and we're doing the best we can.  Mr. Emmanuel

 7 doesn't want to sit in jail without knowing what's going to

 8 happen to him.  Mr. Wylie and I don't want to spend any more

 9 time than we have to on this case.  We are dedicated to it

10 full-time.  It just seems that there may be depositions

11 involved that have to be taken.  We cannot bring people here.

12 That may cause some more delay.

13      THE COURT:  I think you could also explore having

14 someone else from your office assigned to this case as well to

15 do some of those other tasks and put additional people power on

16 the defense side.

17      Let me set it for April 7th, understanding that you

18 always have the ability, Mr. Caridad, of coming back and saying

19      "Judge, we want to give you an ex parte submission" and

20 talk to me and I will consider the Government's objection to

21 having me entertain that ex parte before I hear it, if I do.

22      MR. CARIDAD:  Yes, Your Honor.

23      THE COURT:  And in this way I'm accounting for Spring

24 breaks, I'm accounting for Christmas breaks, and I'm just

25 trying to put off the three months in the summer when

1  everything seems to slow down incredibly, and if we need to get

2  there, then we will.

3          MR. CARIDAD:  Very well.

4          THE COURT:  All right.

5          Ms. Rochlin, April 7.

6          MS. ROCHLIN:  Yes, Your Honor.

7          THE COURT:  Is that an acceptable accommodation?

8          MS. ROCHLIN:  Thank you, Judge.

9          THE COURT:  Thank you.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

15

1                    C E R T I F I C A T E

2        I hereby certify that the foregoing is an accurate

3    transcription of proceedings in the above-entitled matter.

4

5    _____        _____
          DATE                    BARBARA MEDINA
6                                  Official United States Court Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25